Keith Aaron PONCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00833–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 27, 1991.

Discretionary Review Refused
March 18, 1992.

Richard Frankoff, Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Alan Curry, Terry Yates, Asst. Harris Co. Dist. Attys., for appellee.

Before SAM BASS, HUGHES and DUNN, JJ.

## OPINION

DUNN, Justice.

The trial court found appellant, Keith Aaron Ponce, guilty of driving while intoxicated, and assessed appellant's punishment at two years probation and a fine of $150.

On May 24, 1990, Houston Police Officers Raymond Hunt and David Debakey stopped appellant as he was leaving a nightclub parking lot in his truck. After being asked to do so by the officers, appellant stepped out of his vehicle. Appellant's speech was slurred, and he had the smell of alcohol on his breath.

The officers administered field sobriety tests on appellant. The officers determined, from appellant's performance during those tests, that he was intoxicated and then arrested him. The officers transported appellant to the Westside Police Station, where two intoxilyzer tests were conducted on appellant. The first test revealed an alcohol concentration of .13, and the second test revealed an alcohol concentration of .12. Any level of concentration .10 or above indicates that the person is legally intoxicated. The police conducted videotaped sobriety tests at the police station, and determined from the intoxilyzer tests and the sobriety tests that appellant was intoxicated.

At trial, the State offered, as exhibit number four, inspection reports that showed the intoxilyzer machine used to test appellant's alcohol concentration was working properly before and after appellant's tests were conducted. The inspection re-

ports were prepared on May 14, 1990, and on June 5, 1990, by Clay McCarty.

Ms. Pauline Louie, an expert on intoxilyzer machines and an employee at the Houston Police Department crime lab, testified that she was the custodian of the inspection reports. Louie testified that, based on the two reports, it was her expert opinion that the intoxilyzer machine used to test appellant was working properly on the date appellant was tested. Appellant objected to this testimony on the grounds that Louie did not have personal knowledge of whether the intoxilyzer machine in question was working properly on the dates stated in the report, and that a proper predicate had not been laid to show that Louie was the custodian of the reports or that the reports were business records.

In his sole point of error, appellant asserts that the trial court erred in allowing Louie to testify that, based upon State's exhibit number four, it was her opinion that the intoxilyzer machine in question was working properly on the date appellant was tested, because: 1) Louie did not have personal knowledge that the intoxilyzer machine in question was working properly on the dates the intoxilyzer machine was supposedly tested; and 2) State's exhibit number four should not have been admitted into evidence as a business record, an exception to the hearsay rule.

■ The determination of admissibility into evidence is within the sound discretion of the trial court and will not be reversed on appeal unless a "clear abuse of discretion is shown." *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App.1986).

The State asserts that State's exhibit number four and the testimony of Louie are not excluded by the hearsay rule, but are admissible under Tex.R.Crim.Evid. 803(6), which provides:

[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business ac-

tivity to make that memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, ... unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Appellant contends exhibit number four and Louie's testimony should have been excluded as hearsay under Tex.R.Crim. Evid. 803, which provides that:

[t]he following are not excluded by the hearsay rule:

. . . .

(8) **Public Records and Reports.** Records, statements, or data compilations, in any form, of public offices or agencies setting forth ... (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, matters observed by police officers and other law enforcement personnel.

■ This case presents a question of first impression for this Court: are reports, reflecting whether intoxilyzer machines are working properly, admissible into evidence as an exception to the hearsay rule under rule 803(6), or inadmissible under rule 803(8)(B)? Related to this question is whether the testimony of the custodian of the reports is admissible into evidence, when the custodian's opinion testimony is based upon the reports.

Appellant relies on *Cole v. State*, No. 1179–87, 1990 WL 176357 (Tex.Crim.App., Nov. 14, 1990) (not yet reported), to support his argument. In *Cole*, the Texas Court of Criminal Appeals held that the full-time Department of Public Safety (DPS) chemists were "law enforcement personnel" within the meaning of rule 803(8)(B). *Id.* slip op. at 3. The court found that the testimony of a DPS chemist, concerning a lab report he did not prepare, was inadmissible hearsay under rule 803(8)(B). *Id.* slip op. at 5. The court found that because the lab report was prepared by law enforcement personnel, during a criminal investigation, and for the purpose of specific litigation, the testimony

of the DPS chemist, concerning the lab report he did not prepare, was inadmissible hearsay. *Id.*

The court in *Cole* distinguished the case before it from *U.S. v. Quezada*, 754 F.2d 1190 (5th Cir.1985). *Cole*, slip op. at 5. In *Quezada*, the court held that a warrant of deportation and a border patrol agent's testimony concerning the warrant were admissible under federal rule 803(8)(B) because the warrant was not prepared during a criminal investigation, nor was it prepared for the purpose of specific litigation. *Id.* at 1194. The court found that one reason Congress excluded from the scope of admissible evidence matters observed by police officers and other law enforcement personnel in criminal cases, was the "presumed unreliability of observations made by law enforcement officials at the scene of a crime, or in the course of investigating a crime." *Id.* at 1193. The court further found that in an adversarial setting, there is a greater likelihood that a law enforcement official will make an inaccurate report or falsify findings in order to help convict a defendant. *Id.* at 1194. The subjective features of reports made in adversarial settings, such as a criminal investigation, are not present when reports are prepared as part of a routine, ministerial function. *Id.*

The case at bar is analogous to the *Quezada* case, rather than the *Cole* decision. Here, the record reflects that approximately once a month the crime lab division of the Houston Police Department checked each intoxilyzer machine owned or operated by the department. One of the machines tested was the intoxilyzer used to test appellant's alcohol concentration. These reports were made routinely and for the purpose of informing the police department whether the intoxilyzer machine was working properly, and if it was not working properly, why the particular machine was not working properly. The intoxilyzer machines were checked so that any problems detected could be repaired, or a new intoxilyzer machine purchased. The intoxilyzer machines were not checked, nor were the reports made, for use in any specific litigation. The machines were not checked

and reports made as part of a criminal investigation. Neither the checks on the intoxilyzers nor the reports were made in the context of an adversarial setting.

Therefore, we find that the reports, which reflected that the intoxilyzer machine used to test appellant's alcohol concentration was working properly, were admissible under rule 803(6). We also find that because the reports were admissible, Louie's testimony, based upon the reports, was admissible.

Appellant also contends that Louie's testimony should not have been admitted into evidence because she did not have personal knowledge of whether the intoxilyzer used to test appellant was working at the time appellant was tested.

We find this argument to be without merit. Tex.R.Crim.Evid. 602 provides that:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter.... This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

Under Tex.R.Crim.Evid. 702, an expert may testify in the form of an opinion. The expert is not required to have personal knowledge of the matter, but may state an opinion based upon facts or data made known to him or her at or before trial. Tex.R.Crim.Evid. 703. Here, appellant stipulated that Louie was an expert concerning intoxilyzer machines. Therefore, she was not required to have personal knowledge concerning whether the intoxilyzer machine used on appellant was working properly at the time appellant was tested. She could, and in fact did, testify in the form of an opinion based upon the reports.

Appellant's sole point of error is overruled.

The judgment is affirmed.