TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00174-CR







Oscar Henderson, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 506961, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







A jury found appellant Oscar Henderson guilty of driving while intoxicated. See
Tex. Penal Code Ann. § 49.04 (West Supp. 2000). The county court at law assessed punishment
at incarceration for 180 days and a $2000 fine, suspended imposition of sentence, and placed
appellant on community supervision. We will affirm.

An Austin police officer stopped appellant's car for speeding, and subsequently
arrested appellant for driving while intoxicated. A breath test for alcohol concentration
(intoxilyzer) conducted at the police station showed that appellant had an alcohol concentration
of 0.116. At that time, a person with an alcohol concentration of 0.10 or more was intoxicated
by statutory definition. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 49.01,
1993 Tex. Gen. Laws 3586, 3696 (Tex. Penal Code Ann. § 49.01(2)(B), since amended).

Appellant complains of the admission of the breath test result on several grounds. 
In issues one and two, which are interrelated, appellant urges that the State failed to satisfy both
the general prerequisites for admitting scientific evidence pursuant to Texas Rule of Evidence 702
(issue two) and the particular prerequisites applicable to breath test results (issue one). 

A qualified expert may testify to scientific, technical, or other specialized
knowledge if the trial court determines that such testimony will assist the trier of fact to
understand the evidence or determine a fact in issue. See Tex. R. Evid. 702. The proponent of
scientific or technical evidence has the burden of demonstrating by clear and convincing evidence
that the evidence is both reliable and relevant. (1) See Kelly v. State, 824 S.W.2d 568, 573 (Tex.
Crim. App. 1992); see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-92
(1993). Three criteria must be satisfied for scientific evidence to be considered reliable: (1) the
underlying theory must be valid; (2) the technique applying the theory must be valid; and (3) the
technique must be properly applied on the occasion in question. See Kelly, 824 S.W.2d at 573. 
Kelly applies to all scientific evidence offered under rule 702, including intoxilyzer test results. 
See Hartman v. State, 946 S.W.2d 60, 63 (Tex. Crim. App. 1997).

Appellant contends the State failed to offer any testimony regarding the first two
Kelly criteria. Such testimony was not necessary. By statute, the result of a breath test for
alcohol concentration is admissible at a prosecution under Penal Code chapter 49. See Tex.
Transp. Code Ann. § 724.064 (West 1994); see also id. § 724.016 (manner of taking and
analyzing breath specimen). The legislature has thereby recognized the validity of the theory and
technique behind the intoxilyzer. See Stevenson v. State, 895 S.W.2d 694, 696 (Tex. Crim. App.
1995); Texas Dep't of Pub. Safety v. Jimenez, 995 S.W.2d 834, 838 (Tex. App.--Austin 1999, no
pet.) (applying predecessor statute). As regards intoxilyzer results, the only open issue for the
trial court to address under Kelly is whether the technique was properly applied on the occasion
in question. See Hartman, 946 S.W.2d at 64 (Keller, J., concurring and dissenting).

Before Kelly was decided, the court of criminal appeals established a three-part
predicate for the admission of an intoxilyzer test result. The State must: (1) show the machine
functioned properly on the day of the test as evidenced by the running of a reference sample; (2)
show the existence of periodic supervision over the machine and its operation by one who
understands the scientific theory of the machine; and (3) prove the result of the test through a
witness qualified to translate and interpret the result. See Harrell v. State, 725 S.W.2d 208, 209-10 (Tex. Crim. App. 1986). Clearly, if the State lays the predicate required by Harrell it also
satisfies the third element of Kelly as it applies to an intoxilyzer test result. (2)

Appellant's intoxilyzer test was administered by Austin police officer Sonia Lopez,
who is certified to operate the machine by the Department of Public Safety. Lopez's technical
supervisor at the time of the test was Rudy Bohac, and it was he who prepared the reference
sample used by Lopez to determine that the machine was functioning properly at the time
appellant was tested. Bohac retired before appellant's trial and did not testify. Instead, the State
called Bohac's successor as technical supervisor, Alvin Weathermon. Weathermon testified that
he reviewed Bohac's records after succeeding him as technical supervisor. According to these
records, Bohac examined the intoxilyzer machine at issue in this cause and prepared a fresh
reference sample four days before appellant was tested. This examination showed that the
machine was functioning properly. Bohac examined the machine approximately one month later
and again determined that it was functioning properly. Based on his review of Bohac's records,
including the record of the test administered to appellant, Weathermon was of the opinion that the
intoxilyzer was functioning properly when appellant's breath was tested.

Weathermon also testified that before assuming his position as technical supervisor
for the Austin Police Department, he worked in the Department of Public Safety's alcohol testing
program. There, it was his responsibility to insure that all breath testing programs in south
Texas, including Austin, complied with departmental regulations. Among other things, these
regulations specify the qualifications for certification as a technical supervisor. See 37 Tex.
Admin. Code § 19.5 (1999). These qualifications include an understanding of the scientific theory
and principles of the intoxilyzer. See id. § 19.5(a)(4). While with the Department of Public
Safety, Weathermon personally recertified Bohac as technical supervisor for the Austin Police
Department. 

Appellant urges that because Weathermon did not prepare the reference sample
used by Lopez, he could not testify from personal knowledge that the reference sample was
properly formulated. Appellant further argues that Weathermon could not testify to Bohac's
understanding of the scientific theory underlying the intoxilyzer. Therefore, appellant contends
that Weathermon's testimony did not satisfy the first two elements of Harrell.

An expert witness need not have personal knowledge of all the facts on which he
bases an opinion. Instead, an expert may base an opinion or inference on facts or data perceived
by, reviewed by, or made known to him before testifying. See Tex. R. Evid. 602, 703. 
Appellant does not challenge Weathermon's expertise with respect to the administration of the
breath alcohol testing program in Texas or to the maintenance and operation of the intoxilyzer
machine. As an expert, Weathermon could rely on Bohac's records as a basis for his opinion that
the intoxilyzer was working properly on the night appellant was tested. See Ponce v. State, 828
S.W.2d 50, 52 (Tex. App.--Houston [1st Dist.] 1991, pet. ref'd). Weathermon had personal
knowledge of Bohac's certification as technical supervisor. Weathermon's testimony was
sufficient to establish that the reference sample had been properly formulated and that the machine
and its operation were under the supervision of one who understood the scientific theory of the
machine. See Duff v. State, 503 S.W.2d 785, 786 (Tex. Crim. App. 1974). Weathermon's
testimony was clear and convincing evidence that the intoxilyzer technique was applied properly
in testing appellant's breath sample.

The opinions relied on by appellant are distinguishable. In Cody v. State, 548
S.W.2d 401, 404 (Tex. Crim. App. 1977), and May v. State, 784 S.W.2d 494, 498 (Tex.
App.--Dallas 1990, pet. ref'd), no expert was called to testify and there was no evidence that the 
machine was functioning properly. In Epperson v. State, 578 S.W.2d 398, 400 n.2 (Tex. Crim.
App. 1979), the technical supervisor testified to the inspection and proper functioning of a
machine other than the one used to test the defendant's breath.

We hold, in answer to issues one and two, that the State satisfied the requirements
of both Kelly and Harrell with regard to the admission of the intoxilyzer test result.

Appellant further contends that his constitutional right to confront the witnesses
against him was violated because Bohac, the technical supervisor at the time his breath was tested,
did not testify. See U.S. Const. amend. VI; Tex. Const. art. I, § 10. (3) Appellant does not
explain, however, how Bohac was a "witness against him" within the meaning of the Sixth
Amendment. The confrontation right does not speak to the State's burden of production or the
number of witnesses required for conviction. See Shelvin v. State, 884 S.W.2d 874, 877 (Tex.
App.--Austin 1994, pet. ref'd). As a general rule, the State is not required to produce every
conceivable witness with knowledge of the case. See id. The State was not constitutionally
obligated to call Bohac as a witness merely because he was the technical supervisor at the time
appellant's breath was tested. The State laid the necessary predicate for the admission of the
intoxilyzer result without Bohac's testimony.

Weathermon testified to certain facts contained in Bohac's intoxilyzer maintenance
records. Weathermon also testified that it was the regular practice of the police department to
prepare and keep these records. To the extent Weathermon's testimony regarding the content of
the maintenance records constituted hearsay, it was admissible under the exception for records of
regularly conducted activities. See Ponce, 828 S.W.2d at 52; Tex. R. Evid. 803(6). This hearsay
exception is "firmly rooted." See Ohio v. Roberts, 448 U.S. 56, 66 n.8 (1980); Huff v. State, 897
S.W.2d 829, 843 (Tex. App.--Dallas 1995, pet. ref'd). Statements within a firmly rooted hearsay
exception bear sufficient indicia of reliability to satisfy the Confrontation Clause. See Idaho v.
Wright, 497 U.S. 805, 815 (1990). Issues three and four do not present error.

Appellant contends the intoxilyzer test result was inadmissible hearsay. The same
contention was presented to this Court in Jimenez. See 995 S.W.2d at 836-37. We held there that
the intoxilyzer machine is not a declarant and the data it generates is not hearsay. See id. 
Appellant's fifth issue is without merit.

Finally, appellant contends that a mistrial should have been declared after the
prosecutor engaged in improper jury argument. After reviewing the evidence, the prosecutor
asked, "What has been the defense argument in this case? Where is Mr. Henderson's defense? 
Why are we here?" Appellant objected that this argument was in derogation of his right to a jury
trial. The objection was sustained and the jury was instructed to disregard, but the motion for
mistrial was overruled. 

The prosecutor's argument was not an attack on the integrity of defense counsel of
the sort condemned in the opinions cited by appellant. See Wilson v. State, 938 S.W.2d 57, 58-59
(Tex. Crim. App. 1996); Gomez v. State, 704 S.W.2d 770, 771 (Tex. Crim. App. 1985). Any
error was cured by the court's instruction to disregard. See Caldwell v. State, 818 S.W.2d 790,
801 (Tex. Crim. App. 1991) (argument error generally cured by instruction). Issue six does not
present reversible error.

The judgment of conviction is affirmed.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 2, 2000

Publish
1. Appellant does not contend that the intoxilyzer results were irrelevant.
2. Neither appellant nor the State discusses whether the predicate for the admission of
intoxilyzer evidence outlined in Harrell has been altered by Kelly and Hartman, and we express
no opinion on that question. 
3. Although appellant brings forward his state constitutional claim as a separate issue, he does
not argue that the confrontation right guaranteed by article I, section 10 is broader than that
provided by the Sixth Amendment.



d 494, 498 (Tex.
App.--Dallas 1990, pet. ref'd), no expert was called to testify and there was no evidence that the 
machine was functioning properly. In Epperson v. State, 578 S.W.2d 398, 400 n.2 (Tex. Crim.
App. 1979), the technical supervisor testified to the inspection and proper functioning of a
machine other than the one used to test the defendant's breath.

We hold, in answer to issues one and two, that the State satisfied the requirements
of both