MARY'S OPINION HEADING 



 NO. 12-01-00080-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RICHARD JUSTIN KIRBY,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #3


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Richard Justin Kirby ("Appellant") appeals his jury conviction for the offense of driving
while intoxicated. The trial court assessed punishment at 180 days of confinement in the Smith
County Jail, probated for a period of two years, and a fine of $2,000.00, with $1,200.00 of the fine
probated. In three issues, Appellant contends that the evidence was legally and factually insufficient
to support the conviction and that the trial court erred by admitting expert testimony regarding
intoxilyzer test results. We affirm.


Background


 On April 14, 2000, Kevin Crouch's ("Kevin") welding truck was parked in front of the
residence of Bobby Nick, Jr. ("Bobby"), on Montgomery Gardens Road in Smith County. Around
9:00 p.m., Susan Nick ("Susan"), Bobby's mother, heard a crash and went outside to investigate.
Kassandra Crouch ("Kassandra"), Kevin and Bobby also came out of the house to see what had
happened. The group discovered that a pickup had collided with the welding truck. Kassandra and
Kevin testified that they saw an individual walking away from the scene. Bobby's wife, Vicky Nick,
called the police to notify them of the collision. 

 Sometime later in the evening, Appellant came to the scene of the collision with four of his
friends. After Kevin told him that the police had been called, Appellant attempted to start the
wrecked pickup, but was unable to do so. Appellant and his friends then removed a number of items
from the pickup before leaving the scene.

 After Department of Public Safety Trooper Joe Hogue ("Hogue") arrived at the scene of the
collision, Appellant reappeared there. Hogue testified that Appellant said he had been driving the
pickup, and then Appellant described a series of events which led to his crashing the pickup into the
welding truck. Hogue testified that during this conversation with Appellant, he noticed that
Appellant's eyes were red and bloodshot and that his breath smelled strongly of an alcoholic
beverage. Appellant was then taken to the county jail where he submitted to an intoxilyzer test,
giving samples of his breath at 11:47 p.m. and 11:50 p.m. The two samples contained alcohol
concentrations of 0.143 and 0.136 respectively. Appellant was charged by complaint and
information with operating a motor vehicle in a public place while intoxicated by having an alcohol
concentration of 0.08 or more. A jury found Appellant guilty. The court, after conducting a
punishment hearing, sentenced Appellant to 180 days of confinement in the Smith County Jail,
probated for a period of two years, and a fine of $2,000.00, with $1,200.00 of the fine probated. 
Appellant timely filed this appeal.


Sufficiency of the Evidence


Legal Sufficiency

 In his first issue, Appellant contends that the evidence is legally insufficient to support the
jury's verdict of guilty of driving while intoxicated. Legal sufficiency is the constitutional minimum
required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. 
See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979);
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for
reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is
examined in the light most favorable to the jury's verdict. See Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 40-41, 102 S.
Ct. 2211, 2217, 72 L. Ed. 2d 652 (1982).

 A person commits the offense of driving while intoxicated if the person (1) operates a motor
vehicle, (2) in a public place, (3) while intoxicated. Tex. Pen. Code Ann. § 49.04 (a) (Vernon Supp.
2002). Each of these elements must be proved to sustain a conviction. See Tex. Pen. Code Ann.
§ 2.01 (Vernon 1994). To prove intoxication, the State must show that a person did not have the
normal use of mental or physical faculties by reason of the introduction of alcohol or other substance
into the body or had an alcohol concentration of 0.08 or more. Tex. Pen. Code Ann. §
49.01(2)(A),(B) (Vernon Supp. 2002).

 Appellant first contends that the evidence at trial was legally insufficient to prove that he was
operating the pickup which crashed into the welding truck. Kassandra testified that Appellant was
the individual who walked away from the pickup immediately after it crashed into the welding truck
and then later returned to the scene with his friends. She further testified that Appellant, after having
been informed that the police had been contacted about the wreck, got into the pickup and tried to
start it. Appellant then took some items out of the truck and left in his friend's truck.

 Kevin testified that he recognized Appellant as the individual who walked away from the
pickup immediately after it crashed into the welding truck. Appellant told Kevin that he would take
care of repairing the damaged welding truck himself. Kevin also testified that Appellant became
angry when informed that law enforcement had been called to come to the scene of the crash.

 Douglas Grant ("Douglas"), a friend of Appellant, testified that on the date of the offense,
he and four friends were at B. J. Golden's home which was located about two blocks away from the
crash scene. Douglas testified that Appellant arrived at B. J.'s house in a very agitated state caused
by his having just sustained a head injury. Douglas stated that he and the four friends accompanied
Appellant to the crash scene. Douglas further testified that Appellant had "wrecked his truck" and
that he wanted to be there for him and make sure that everything was all right. Douglas testified that
he and his friends took Appellant away from the crash scene when tempers began to flare. However,
once they calmed Appellant down, they encouraged him to return to the scene. It was on this second
return to the scene of the wreck that Appellant was interviewed by Hogue and admitted that he was
driving the pickup when it crashed into the welding truck.

 Appellant contends that the fact that he operated a motor vehicle, a part of the corpus delicti
of the crime of driving while intoxicated, is not corroborated. The corpus delicti of a crime relates
particularly to the act element of criminality; that is, that a certain prohibited act has been committed
or result accomplished and that it was committed or accomplished by criminal human agency. 
Black's Law Dictionary 346 (7th ed. 1999). The common law corpus delicti rule holds that no
criminal conviction can be based upon a defendant's extrajudicial confession unless the confession
is corroborated by independent evidence tending to establish the corpus delicti. See Fisher v. State,
851 S.W.2d 298, 302 (Tex. Crim. App. 1993). The corpus delicti does not need to be proven
independently of an extrajudicial confession; there need only be evidence corroborating the
confession. Id.

 In this case, there was evidence corroborating Appellant's admission to Hogue that he was
driving the vehicle when it crashed into the welding truck. Kassandra and Kevin both identified
Appellant as the person who walked away from the pickup immediately after it crashed into the
welding truck. In addition, Douglas testified that Appellant had wrecked his pickup. Therefore, the
extrajudicial admission by Appellant was sufficiently corroborated to support the jury's finding
beyond a reasonable doubt that Appellant was operating the vehicle.

 In the second prong of his attack upon the legal sufficiency of the evidence, Appellant
contends that there was no showing that he was intoxicated at the time he was operating the pickup. 
Kassandra testified that she spotted about ten empty beer containers in the pickup after Appellant
walked away from it. Kevin testified that he saw around five empty beer containers on the
floorboard of the pickup when he looked in. Kevin also testified that there was a strong smell of
alcohol coming from the cab of the wrecked pickup. Kassandra testified that when Appellant first
returned to the scene of the wreck, his eyes were swollen and glassy and his speech was slurred. 
Kevin testified that Appellant's speech was slurred and that he smelled alcohol on Appellant.

 On Appellant's second return to the scene of the wreck, Hogue observed that Appellant's
eyes were red and bloodshot and that he had a strong odor of an alcoholic beverage on his breath. 
Later, Appellant failed several sobriety tests administered to him by Hogue. Further, Appellant
tested 1.43 and 1.36 on the intoxilyzer tests. Therefore, based upon our review of the record, we
hold that the evidence is legally sufficient to support Appellant's conviction for operating a motor
vehicle in a public place while intoxicated. Appellant's first issue is overruled.

Factual Sufficiency

 In his second issue, Appellant contends that the evidence is factually insufficient to support
the jury's verdict of guilty of driving while intoxicated. We consider a factual sufficiency challenge
after the evidence has been determined to be legally sufficient under the Jackson standard. See
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). When reviewing the factual
sufficiency of the evidence, we must ask whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
We review the evidence weighed by the jury which tends to prove the existence of the fact in dispute,
and compare it to the evidence which tends to disprove that fact. Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997). We may disagree with the jury's determination, even if probative
evidence exists which supports the verdict. See Clewis, 922 S.W.2d at 133. However, our
evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where there is conflicting evidence,
the jury's verdict on such matters is generally regarded as conclusive. VanZandt v. State, 932
S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). We will reverse only when the verdict is
against the great weight of the evidence presented at trial so as to be clearly wrong and unjust. See
Clewis, 922 S.W.2d at 134.

 Appellant contends that the evidence is factually insufficient to prove that it was he who was
driving the vehicle when it crashed into the welding truck. Both Kassandra and Kevin testified that
the individual they saw walking away from the pickup immediately after the crash was wearing a
shirt that was different from the one Appellant was wearing when he reappeared at the scene. 
However, Douglas testified that Appellant did not change clothes throughout the evening. Further,
Regina Kirby, Appellant's mother, testified that when she saw Appellant sitting in the DPS vehicle
after he had been arrested, near midnight, Appellant was wearing the same clothes that he wore when
he left her home early in the evening. On the other hand, Kevin testified that he had actually seen
Appellant's face when he was walking away from the pickup immediately after the crash. Further,
Douglas testified that Appellant had wrecked his pickup and sustained a head injury in the process. 
Finally, Appellant admitted to Hogue that he was driving the vehicle at the time it crashed into the
welding truck. The statements of Kevin, Douglas and Hogue support the jury's finding that
Appellant was operating the pickup at the time that it crashed into the unattended welding truck.

 Appellant also contends that the evidence is factually insufficient to show that he was
intoxicated while operating his pickup. Appellant points to evidence in the record which tends to
show that he was not intoxicated at the time of the wreck. Appellant's mother testified that he had
not drunk any alcoholic beverage prior to leaving home early in the evening of April 14, 2000. She
also testified that when she saw Appellant after his arrest, he did not appear intoxicated, and she did
not smell alcohol on him. Douglas testified that he did not witness Appellant drink any alcoholic
beverage during the time he was with him following the crash. On the other hand, the statements
of Kassandra, Kevin and Hogue that Appellant was showing signs of inebriation and smelled of an
alcoholic beverage, combined with the physical evidence, i.e., the empty beer containers in the cab
of the pickup and the results (1) of the intoxilyzer tests, support the jury's finding that Appellant was
intoxicated at the time of the wreck. 

 Where there is conflicting evidence, the jury's verdict on such matters is generally regarded
as conclusive. VanZandt, 932 S.W.2d at 96. Our evaluation should not substantially intrude upon
the jury's role as the sole judge of the weight and credibility of witness testimony. Santellan, 939
S.W.2d at 164. After a neutral review of the record as a whole, we conclude that the proof of guilt
is neither so obviously weak as to undermine confidence in the jury's determination, nor greatly
outweighed by contrary proof. Therefore, we hold that the evidence is factually sufficient to support
Appellant's conviction for operating a motor vehicle in a public place while intoxicated. Appellant's
second issue is overruled.


Expert Testimony


 In his third issue, Appellant alleges that the trial court abused its discretion by admitting
expert testimony concerning the results of the intoxilyzer test administered to Appellant. It is the
burden of the proponent of scientific evidence, such as an intoxilyzer test, to show by clear and
convincing evidence that the proffered evidence is scientifically reliable. See Jackson v. State, 17
S.W.3d 664, 670 (Tex. Crim. App. 2000). This is accomplished by showing: (1) the validity of the
underlying scientific theory, (2) the validity of the technique applying the theory, and (3) proper
application of the technique on the occasion in question. Kelly v. State, 824 S.W.2d 568, 573 (Tex.
Crim. App. 1992). We will not disturb the trial court's decision to include expert testimony absent
an abuse of discretion. See id. at 574. If the trial court's decision to include the evidence falls within
the "zone of reasonable disagreement," it is not an abuse of discretion. See Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

 Rex Swords testified that, since 1994, he had been a technical supervisor for the Department
of Public Safety with responsibility for overseeing the breath test program in the area where
Appellant was tested on April 14. Swords told the jury that the test was conducted under the rules
of the Department. He further testified that he determined the test administered to Appellant was
valid because all of the requirements of a valid test under the Department's breath test operator
manual were met: all air blanks were zeros, all results were clearly printed, there were no invalid
messages on the test, and it was signed by the operator.

 Appellant objected to Swords' testimony on the grounds that Swords had not testified to an
understanding of the scientific principles upon which the intoxilyzer instrument operates, and, as a
result, he was not qualified to render an opinion that the test was valid in Appellant's case. The trial
court, on the record, stated that Appellant had only questioned Swords about the facts and data of
the test and had not specifically questioned him about the scientific principles of the test. As a result,
the trial court overruled Appellant's objection.

 In his issue, Appellant avers that Swords failed to offer any testimony regarding the first two
Kelly criteria. The State responds that it was unnecessary for Swords to testify as to the validity of
the theory and technique behind the intoxilyzer machine. See Tex. Transp. Code Ann. § 524.038
(Vernon 1999). We agree. By statute, the result of a breath test for alcohol concentration is
admissible at a prosecution under Chapter 49 of the Penal Code. See Tex. Transp. Code Ann. §
724.064 (Vernon 1999). The legislature has thereby recognized the validity of the theory and
technique behind the intoxilyzer test. Henderson v. State, 14 S.W.3d 409, 411 (Tex. App.-Austin
2000, no pet.). Regarding intoxilyzer results, the only open issue for the trial court to address under
Kelly is whether the technique was properly applied on the occasion in question. Id. As shown
above, that issue was addressed by Swords. Appellant made no objection based on the third Kelly
criterion. Therefore, we hold that the trial court did not abuse its discretion by admitting Swords'
testimony concerning the results of the intoxilyzer test administered to Appellant. Appellant's third
issue is overruled.

 The judgment of the trial court is affirmed.


 JIM WORTHEN 

 Justice

Opinion delivered May 31, 2002.

Panel consisted of Worthen, J., and Griffith, J.























(DO NOT PUBLISH)
1. The lag time between driving and administration of the intoxilyzer test is a matter to be weighed by the
jury. See Mireles v. Texas Dep't of Public Safety, 993 S.W.2d 426, 429 (Tex. App.-San Antonio 1999) (op. on
reh'g), aff'd, 9 S.W.3d 128 (Tex. 1999).