**Joe Luis OCHOA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–02–00131–CR.**

Court of Appeals of Texas, San Antonio.

Aug. 20, 2003.

Catherine M. Valenzuela, Law Office of Catherine M. Valenzuela, San Antonio, for appellant.

Kevin P. Yeary, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Joe Luis Ochoa was convicted of the felony offense of driving while intoxicated. Ochoa was sentenced to forty years con-

finement in the Institutional Division of the Department of Criminal Justice. We affirm.

## BACKGROUND

On December 7, 2000, Officer Augustine Garcia of the San Antonio Police Department observed Ochoa driving a Suburban erratically. As a result, Garcia activated his on-board camera, and captured a video recording of Ochoa's vehicle drifting over the lane markers into another lane of traffic and nearly striking another vehicle. Garcia activated his overhead lights and signaled Ochoa to pull over. After Ochoa pulled over, Garcia explained the nature of the traffic stop to Ochoa. Garcia then performed a Horizontal Gaze Nystagmus Test on Ochoa and found that Ochoa exhibited six signs of intoxication. Garcia also performed a variety of other tests which indicated that Ochoa had alcohol in his system. While Garcia was administering the tests, another officer, Mark Salazar, arrived on the scene. Salazar discovered a 16–ounce open container of beer inside Ochoa's vehicle. Ochoa was then transported to the magistrate's office in San Antonio, where it was determined that his blood alcohol concentration was .183.

Ochoa was indicted for driving while intoxicated, third offense. At trial, the State presented multiple witnesses, a videotape from the night of the arrest, and Ochoa's prior criminal record. A jury found Ochoa guilty of the alleged offense, determined Ochoa had used a deadly weapon, and found that the enhancement allegations were true. Punishment was assessed at 40 years imprisonment.

## DISCUSSION

### A. Deadly Weapon

■ Ochoa's first contention is that there is insufficient evidence to support the jury's finding that Ochoa used his motor vehicle as a deadly weapon. When a party attacks the legal sufficiency of the evidence, we view the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim. App.1995).

At trial, the jury made an affirmative finding that Ochoa had used his motor vehicle as a deadly weapon. The Texas Code of Criminal Procedure authorizes such a finding upon sufficient evidence "that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during the immediate flight therefrom, and that the defendant used or exhibited the deadly weapon...." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (Vernon Supp.2003). Section 1.07(a)(17)(B) of the Texas Penal Code defines a deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 2003).

In *Mann v. State*, Mann was prosecuted for driving while intoxicated. *See Mann v. State*, 13 S.W.3d 89, 90 (Tex.App.-Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex.Crim.App. 2001). The Austin Court of Appeals stated that to sustain a deadly weapon finding requires evidence that other people were endangered by the defendant's use of the vehicle, and not merely a hypothetical potential for danger if others had been present. *Id.* at 92. The court concluded that the finding in that case was supported by testimony that the defendant "almost hit another vehicle head-on" when he drove across the center line of the highway and

forced an oncoming vehicle to take "evasive action." *Id.*

Here, Officer Garcia testified that there were other vehicles on the road, and that Ochoa drifted out of his lane and came "real close to striking and hitting" another vehicle. Thus, like *Mann*, there is evidence in the record that there were other drivers on the road who were actually endangered by the defendant's use of his vehicle. *See id.* Accordingly, viewing the evidence in the light most favorable to the verdict, there is sufficient evidence to support the deadly weapon finding in this instance. Ochoa's first issue is overruled.[1]

**B. Improper Jury Argument**

■ Ochoa's next contention is that the State committed reversible error by encouraging the jury to consider the existence of parole law in assessing punishment. In order to preserve a complaint on appeal alleging an improper jury argument, the party must object to the jury argument at trial and pursue the argument to an adverse ruling. Tex.R.App. P. 33.1; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim.App.1996).

In this case, when the prosecutor made the alleged erroneous argument, Ochoa objected. The trial court responded by reiterating the charge's instruction on the law of parole. This "ruling," however, cannot be considered an adverse ruling for the purpose of error preservation. In *Ramirez v. State*, 815 S.W.2d 636 (Tex.Crim. App.1991), the court held that an adverse ruling "must be conclusory; that is, it must be clear from the record the trial judge in fact overruled the defendant's objection or otherwise error is waived."

*Ramirez*, 815 S.W.2d at 643. Here, there was no definitive adverse ruling against Ochoa. Thus, we believe Ochoa failed to pursue his objection to an adverse ruling. Accordingly, we hold Ochoa's complaint concerning the improper jury argument is waived. Ochoa's second issue is overruled.

**C. Reasonable Doubt Definition**

■ Ochoa's final contention is that the trial court erred by including, in the abstract portion of the charge, the statement: "It is not required that the prosecution prove guilt beyond all possible doubt, it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt." Ochoa timely objected to this language and asserted that the paragraph should be eliminated from the charge.

■ When a defendant complains of charge error on appeal, we must first determine whether there is any error in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex.Crim.App.1996). If we conclude there is error, we must determine if the error caused sufficient harm to warrant reversal. *Id.* at 170–71. The degree of harm necessary for reversal is controlled by whether the error was properly preserved at trial. *Id.* at 171. Where the defendant properly objected to the error at trial, we reverse only if the error is "calculated to injure the rights of the defendant," which means there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984). In other words, a properly preserved error will call for reversal as long as the error is not harmless. *Id.* In determining the degree of harm, we look to the entire jury charge, the state of

---

1. We note that Ochoa makes a related argument that a new trial should be granted because the videotape of the offense has been lost or destroyed, and that the videotape evidence is necessary to determine whether there is sufficient evidence to support the deadly weapon finding. Given our disposition of this issue, this argument is unavailing because the testimony of Officer Garcia is sufficient to support the deadly weapon finding.

the evidence, the arguments of counsel, and any other relevant information from the entire record. *Id.*

The language objected to by Ochoa is from the *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991), reasonable doubt definition. The Court of Criminal Appeals has overruled *Geesa* to the extent that it requires trial courts to define reasonable doubt for the jury. *Paulson v. State,* 28 S.W.3d 570, 573 (Tex.Crim.App.2000). The court has stated that "the better practice is to give no definition of reasonable doubt at all to the jury." *Id.* The court further indicated that it would not be reversible error to include the definition if both parties agreed to provide it. *Id.* Ochoa contends that because the trial court included language from the *Geesa* definition of reasonable doubt over his objection, the trial court committed reversible error. We disagree.

There is a split among the appellate courts on whether including language from the *Geesa* instruction in the jury charge is error. Cases holding it is not error to include language from *Geesa* are: *Jackson v. State,* 105 S.W.3d 321, 325 (Tex.App.-Houston [14th Dist.] 2003, no pet. h.); *Fluellen v. State,* 104 S.W.3d 152, 164 (Tex.App.-Texarkana 2003, no pet. h.); *Minor v. State,* 91 S.W.3d 824, 829 (Tex.App.-Fort Worth 2002, pet. ref'd); *Brown v. State,* 91 S.W.3d 353, 358 (Tex.App.-Eastland 2002, no pet.); and *Carriere v. State,* 84 S.W.3d 753, 759 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Cases holding it is error to include language from *Geesa* are: *Rodriguez v. State,* 96 S.W.3d 398, 405–06 (Tex.App.-Austin 2002, pet. ref'd) (holding it was error to include language from *Geesa,* but such error was harmless); and *Phillips v. State,* 72 S.W.3d 719, 721 (Tex.App.-Waco 2002, no pet.) (holding it was error to include language from *Geesa* in absence of agreement between State and defense, but such error caused no harm).

We have considered the analysis provided in all of the aforementioned cases and agree with the rationale of *Carriere.* *See Carriere,* 84 S.W.3d at 759. The First District Court of Appeals in *Carriere* explained:

> According to *Paulson,* when the court is evaluating a jury charge for a reasonable-doubt-definition error, we must first determine if a definition of reasonable doubt exists in the jury charge. If not, the charge does not violate *Paulson.* In our case, the trial court instructed the jury "it is not required that the prosecution prove guilt beyond all doubt." This instruction does not lessen the State's burden of proof, especially in light of the second sentence which correctly repeats the State's burden that, "it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt." The charge was proper because it did not define reasonable doubt—it merely instructed the jury that appellant's guilt must be proved beyond a reasonable doubt, not beyond all possible doubt.

*Id.* (citations omitted). The charge language used in *Carriere* is identical to the language utilized in the charge at bar. We, like our sister court, believe that the disputed language does not constitute a definition of reasonable doubt and, therefore, does not violate *Paulson.* Because the charge in this case did not give a reasonable doubt definition, we hold the trial court did not err by including such language in the charge. *See id.* Consequently, Ochoa's third issue is overruled.

### Conclusion

Having overruled each of Ochoa's issues, the judgment of the trial court is affirmed.