Opinion issued April 29, 2004.











  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-03-00853-CR
          01-03-00854-CR
____________
 
ROBERTO RODRIGUEZ, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 950853 & 927894
 

 
 
O P I N I O N
          A jury found appellant, Roberto Rodriguez, guilty of two felony
offenses–driving while intoxicated (DWI) and endangering a child–and found true
an enhancement paragraph that a deadly weapon, a motor vehicle, was used in the
commission of the offenses. The jury assessed punishment at confinement in prison
for four years for the DWI and confinement in state jail for two years for the
endangering a child. In four points of error, appellant argues that (1) the evidence is
legally insufficient to support the jury’s verdict of guilt for endangering a child
because there is no evidence that the complainant alleged in the indictment was
endangered or that appellant engaged in conduct that placed the complainant in
imminent danger of bodily injury, and (2) the evidence was legally insufficient to
support the jury’s finding that appellant used or exhibited a deadly weapon, namely
a motor vehicle, in the commission of the DWI and endangering a child offenses. We
affirm.
Background
          At 9 p.m. on October 18, 2002, Sherrie Nolan drove her car, which was
occupied by her daughter and two of her daughter’s friends, eastbound on FM 1960. 
Nolan pulled into the center turning lane in order to turn into a business parking lot. 
She looked at the oncoming traffic and believed that she had enough time to make the
turn. Appellant drove his car, which was occupied by his son and two daughters, all
under five years of age, westbound on FM 1960. Appellant, without slowing down,
hit the rear passenger’s side of Nolan’s car. 
          Steven Colvin, who was in the parking lot near the accident, ran to appellant’s
car, which had stopped in the middle of the street. Colvin was concerned that
appellant’s car might ignite, so he pried the back door open to remove a screaming
boy and moved him to a grassy median. Colvin testified that, after everyone had been
removed from the cars, he saw appellant go back to the car and “started going
underneath the seats and pulling things out of the seats.” He saw appellant throw a
beer can onto the grassy median.
          Harris County Deputy Constable J. W. Redd interviewed appellant at the scene. 
Deputy Redd testified that, during the course of his interview, he “detected an odor
of alcoholic beverage on his breath, his speech was slurred, his eyes were bloodshot.” 
Appellant said that he had been drinking and had drunk two beers. Appellant failed
the field sobriety tests that Deputy Redd administered at the scene. Appellant was
arrested at the scene and refused the breath test.
          Nolan, the three children in her car, and the three children in appellant’s car
were all transported from the accident in ambulances. Appellant was taken to the
substation where he was processed for DWI.
          Deputy Redd testified that, although Nolan was at fault for failing to yield the
right of way making a left turn, he could not rule out appellant’s alcohol consumption
as a factor in the accident.
          Legal Sufficiency
          In four points of error, appellant argues that the evidence is legally insufficient
(1) to support the jury’s verdict of guilt for endangering a child because there is no
evidence that the complainant alleged in the indictment was endangered or that 
appellant engaged in conduct that placed a child in imminent danger of bodily injury,
and (2) to support the jury’s finding that appellant used or exhibited a deadly weapon,
namely a motor vehicle, in the commission of the DWI and endangering a child
offenses.
Standard of Review 
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the crime beyond a reasonable doubt. Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000). Although our analysis considers all evidence presented at
trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562.
Identity of Child
          In point of error one, appellant contends that his indictment alleged that he had
endangered “Alexander Rodriguez,” but there is no evidence that “anyone named
Alexander Rodriguez was ever at or near the scene of this accident, or was in a car
driven by appellant while appellant was intoxicated.”
          A person commits an offense if he intentionally, knowingly, recklessly, or with
criminal negligence, by act or omission, engages in conduct that places a child
younger than 15 years in imminent danger of death, bodily injury, or physical or
mental impairment. Tex. Pen. Code Ann.§ 22.041 (Vernon 2003).
          Deputy Redd testified that, at the time of the accident, there were three “small
children” in appellant’s car, and that appellant told him that they were appellant’s
children. Yolanda Hernandez, appellant’s wife, testified that she and appellant have
three children, a son, Robert Alexander Rodriguez (not “Alexander Rodriguez” as
was alleged in the indictment), and two daughters. She testified that appellant took
her to work that day, and that, after Hernandez was dropped off at work, the children
stayed in the car with appellant. She was notified later at work that there had been
an accident. 
          The victim’s name is not a statutory element of the criminal offense. Fuller v.
State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002). State law does not define the
victim’s name as a substantive element of the offense by, for example, defining the
offense as “endangerment of a child under 15 named Alexander Rodriguez.” See id.
at 253.
          The prosecution’s failure to prove the victim’s name exactly as alleged in the
indictment does not, therefore, make the evidence insufficient to support appellant’s
conviction. The evidence that appellant endangered the young victim by driving
while intoxicated is sufficient because it constitutes proof of every fact necessary to
constitute the crime charged of “endangerment to a child.” See id.
          We overrule point of error one.
Child in Imminent Danger
          In point of error two, appellant argues that there is no evidence that the
complainant was in imminent danger as is required for a conviction of endangering
a child.
          “Imminent” means “[n]ear at hand; mediate rather than immediate; close
rather than touching; impending; on the point of happening; threatening; menacing; 
perilous.” Black’s Law Dictionary 750 (6th ed.1990). In Devine v. State, 786
S.W.2d 268 (Tex. Crim. App. 1989), in reaching its holding, the Court of Criminal
Appeals also relied on the following definition of “imminent:” “ready to take place,
near at hand, impending, hanging threateningly over one’s head, menacingly near.”
Id. at 270 (quoting Devine v. State, No. 05-85-00964-CR (Tex. App.—Dallas 1986)
(McGraw, J., dissenting) (not designated for publication)). 
          Deputy Redd testified that, although Nolan was at fault for failing to yield the
right of way when making a left turn, he could not rule out appellant’s alcohol
consumption as a factor in the accident. Appellant’s reaction time and physical
abilities were diminished, which could have been a contributing factor. These
impairments would have caused appellant to react slower when he saw Nolan’s car. 
In fact, Nolan testified that appellant did not slow down before he hit her. 
          We hold that any rational fact finder could have found that appellant placed the
complainant in imminent danger of bodily injury beyond a reasonable doubt. See
Wesbrook, 29 S.W.3d at 111. We overrule point of error two. 
Deadly Weapon
          In points of error three and four, appellant argues that the evidence is legally
insufficient to support the jury’s finding that he used or exhibited a deadly weapon,
namely a motor vehicle, in the commission of the offenses of endangering a child and
driving while intoxicated.
          Appellant concedes that “the deadly weapon finding in the child endangering
case has no effect on appellant’s parole or release. . . . Any error was harmless.”


 
Accordingly, we overrule point of error three.
           Appellant’s DWI indictment included the following statement:
It is further presented that at the time the Defendant committed the
felony offense of DRIVING WHILE INTOXICATED on or about
OCTOBER 18, 2002, as hereinabove alleged, he used and exhibited a
deadly weapon, namely, a MOTOR VEHICLE during the commission
of and during the immediate flight therefrom. 

The jury affirmatively answered the special issue submitted on the issue of use of a
deadly weapon. 
          The Texas Code of Criminal Procedure authorizes such a finding upon
sufficient evidence “that a deadly weapon as defined in Section 1.07, Penal Code, was
used or exhibited during the commission of a felony offense or during immediate
flight therefrom, and that the defendant used or exhibited the deadly weapon . . . .” 
Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (Vernon Supp. 2004). Texas
Penal Code section 1.07defines a deadly weapon as “anything that in the manner of
its use or intended use is capable of causing death or serious bodily injury.” Tex.
Pen. Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2004).
          To sustain a deadly weapon finding requires evidence that other people were
endangered by the defendant’s use of the vehicle, and not merely a hypothetical
potential for danger if others had been present. Mann v. State, 13 S.W.3d 89, 92
(Tex. App.—Austin 2000), aff’d 58 S.W.3d 132 (Tex. Crim. App. 2001) (deadly
weapon finding sustained when testimony showed on-coming driver was forced to
take evasive action to avoid a collision); see also Ochoa v. State, 119 S.W.3d 825,
827 (Tex. App.—San Antonio 2003, no pet.) (deadly weapon finding sustained where
testimony showed Ochoa came “real close to striking and hitting” another car); Davis
v. State, 964 S.W.2d 352, 354 (Tex. App.—Fort Worth 1998, no pet.) (deadly weapon
finding sustained where car was driven into on-coming lane and had to take evasive
action to avoid hitting an on-coming car). 
          Here, Deputy Redd testified that, in his training and experience, a car can be
a deadly weapon. He testified that driving an automobile is “a complex situation,
requires numerous tasks to be done at the same time, thought processing, reactions,
visual concept, analysis, depth perception, small motor skills, [and] large motor
skills.” Deputy Redd testified that, although he determined that Nolan was at fault
for failing to yield the right of way making a left turn, he could not rule out
appellant’s alcohol consumption as a contributing factor in the accident. Appellant’s
reaction time and physical abilities were diminished and could have been a
contributing factor.
          Appellant has not challenged that he was driving while intoxicated. The
evidence shows that appellant was intoxicated while driving on FM 1960 with three
small children in his car when he collided, without applying the brakes, into Nolan’s
car, which carried Nolan and three passengers. Officer Redd testified that appellant’s
intoxication could not be ruled out as a contributing factor in the accident.
          We hold that the evidence was legally sufficient to support the jury’s deadly-weapon finding. We overrule point of error four. 
          We affirm the judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Hanks, and Higley.

Publish. Tex. R. App. P. 47.2(b).