NUMBER 13-03-604-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

SHAHZAD JAMES AHMED,                                                  Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

                   On
appeal from the County Court at Law No. 2 

                                      of
Galveston County, Texas.

 

                                MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 

On November 15, 2001, appellant, Shahzad Ahmed, was
indicted on one count of driving while intoxicated.[1]  After a jury trial, appellant was found
guilty and the jury assessed punishment at ninety days= confinement in county jail and a fine of $400. 








In three issues, appellant contends (1) the evidence
is factually insufficient to support his conviction, (2) the trial court erred
in its rulings on the admissibility of various evidence, and (3) the trial
court submitted an improper charge to the jury. 
We affirm.

The record contains the trial court=s certification that this is not a plea-bargain case
and the defendant has the right of appeal.[2]  As this is a memorandum opinion not
designated for publication and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[3]

Factual Sufficiency

In appellant=s first issue, he claims the evidence is factually
insufficient to support his conviction for driving while intoxicated.[4]  In particular, he challenges the factual
sufficiency of the evidence establishing that he was intoxicated.








 When
reviewing the factual sufficiency of the evidence, we review all of the
evidence, but not in the light most favorable to the prosecution.[5]  We must determine whether a neutral review of
the evidence, both for and against the finding, demonstrates that a rational
jury could find guilt beyond a reasonable doubt.[6]  Evidence is factually insufficient when
evidence supporting the verdict, considered by itself, is too weak to support the
finding of guilty beyond a reasonable doubt.[7]  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond‑a‑reasonable‑doubt
burden of proof could not have been met.[8]  The jury is the sole judge of the weight and
credibility of witness testimony.[9]  Our evaluation may not intrude upon the fact‑finder's
role as the sole judge of the weight and credibility accorded any witness's testimony.[10]  The fact‑finder alone determines what
weight to place on contradictory testimonial evidence, as it depends on the
fact‑finder's evaluation of credibility and demeanor.[11]


Sufficiency of the evidence is measured against the
elements of the offense as defined in a hypothetically correct jury charge.[12]  Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for
which the defendant was tried.[13]   








Section 49.04 of the Texas Penal Code provides that
a person commits the offense of driving while intoxicated if that person is
intoxicated while operating a motor vehicle in a public place.[14]  A person is deemed intoxicated when the
person lacks the normal use of mental or physical faculties by reason of the
introduction of alcohol, among other substances, into his body.[15]

Deputy William Settegast testified that he observed
appellant operating a motor vehicle on a public beach.  Settegast stated that he stopped appellant
because he was Adoing donuts@ and driving recklessly on the beach.  According to Settegast, during the stop he
observed signs of intoxication in appellant's demeanor and appearance and
testified that appellant admitted that he had been drinking.  Deputy Jeff McKinney, who arrived at the
scene shortly after the stop, testified that he detected alcohol on appellant=s breath, noticed that appellant=s eyes were red and glassy, and claimed appellant
was unsteady on his feet.  He further
stated that appellant failed three sobriety tests.  McKinney testified that because of appellant=s intoxication, he was placed under arrest and
transported to the sheriff=s station.  At
the station, appellant was provided with the required statutory warnings and
subsequently refused to submit to a breathalyzer test.








In contrast, appellant testified that he was not Adoing donuts@ or driving recklessly.  According to appellant, on the day in
question, it was windy, and as a result, he was in the process of moving his
vehicle into a position that would prevent the wind from blowing on a barbeque
pit he and his friends had set up.  He
admitted that he had consumed approximately five beers over a six-hour
period.  However, he maintained that he
was not intoxicated.  Appellant claimed
his eyes were bloodshot because of smoke created by the barbeque pit and
blowing sand.  According to appellant,
his performance on the sobriety tests was less than perfect because he was
wearing flip-flops, and he had a pinched nerve in his leg, which prevented him
from standing up straight and caused him to wobble while he walked.  He also testified that he performed poorly
because he needed to use the restroom, was nervous, and had trouble
concentrating. 

Three of appellant=s
friends testified that appellant had consumed about four beers over
approximately a six hour period. 
However, all three testified that appellant did not appear to be
intoxicated.  They also claimed appellant
was not driving recklessly.  According to
their testimony, appellant was in the process of moving his car when an officer
approached, handcuffed appellant, and accused him of being intoxicated.  

Although conflicting testimony was presented
regarding whether appellant was intoxicated, after reviewing all of the
evidence in a neutral light, while giving deference to the fact‑finder's
role as the sole judge of the weight and credibility of testimony, we conclude
a rational jury could have found appellant guilty beyond a reasonable doubt.[16]  We find that the evidence contrary to the
verdict is not strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.[17]  Thus, the evidence is factually sufficient to
support appellant=s conviction.[18]  Appellant's first issue is overruled.

Admissibility of Evidence








In appellant=s second issue, he contends the trial court erred in
two rulings regarding the admissibility of evidence.  Specifically, appellant argues that the court
erred because it (1) prohibited his trial counsel from cross-examining
Settegast regarding prior inconsistent statements, and (2) admitted testimony
of Settegast that was based on inadmissible hearsay.

The standard of review for a trial court's decision
to admit or exclude evidence is abuse of discretion.[19]  An abuse of discretion occurs when the trial
court acts arbitrarily or unreasonably, without reference to guiding rules or
principles.[20]  If the ruling was correct on any theory of
law applicable to the case, in light of what was before the trial court at the
time the ruling was made, then we must uphold the judgment.[21]


 Regarding
appellant=s first subissue, he argues the court erred because
it limited cross-examination of Settegast with respect to prior inconsistent
statements made at a pre-trial suppression hearing.  In response, the State contends appellant
failed to preserve error by failing to make an offer of proof and argues that
error, if any, was harmless. 

Under Texas Rule of Evidence 103, a party may not
predicate error on a ruling that excludes evidence unless a substantial right
of the party is affected, and the substance of the evidence was made known to
the court by offer of proof or was apparent from the context of the questions
counsel sought to ask.[22]   








Prior to direct examination of Settegast, appellant=s counsel requested that the court allow her to
impeach Settegast on cross-examination regarding any testimony that may arise
that may potentially be inconsistent with any of his prior testimony at the
suppression hearing.  The court overruled
counsel=s request and denied her an opportunity to make an
offer of proof.   

On appeal, appellant argues specifically that the
court=s ruling improperly precluded impeachment of Settegast
on three matters he subsequently testified to, which appellant contends were
inconsistent with his prior suppression testimony: (1) the type of vehicle
appellant drove on the day in question; (2) how appellant acted when initially
approached; and (3) whether a barbeque pit was located in the area near where
appellant was stopped.         It is a
basic tenet of appellate practice that error must be preserved at trial for
purposes of appeal.[23]  When evidence is excluded, the right to make
an offer of proof or perfect a bill of exception is absolute.[24]  To preserve error where a trial court
excludes proffered evidence, the party offering that evidence must make a bill
of exception or offer of proof.[25]  Although an absolute right exists to make a
bill of exception or offer of proof when evidence is excluded,[26]
we need not discuss this right further because, as explained below, appellant=s counsel did not demonstrate with sufficient
specificity why the proposed testimony was admissible prior to the trial court=s ruling.[27]









The record shows that at the time of her request,
counsel was not aware of any inconsistent testimony.  Specifically, she requested that the court
allow her to impeach Athe officer [if] he gets on the stand and changes
his story.@  Because
Settegast had not yet testified, and because counsel was therefore not yet
aware of any inconsistencies, counsel could not and did not provide the court
with any reason regarding why such potential testimony was admissible, nor did
counsel argue that the court=s ruling violated his state or federal rights.[28]  Because appellant=s request was premature and not made with sufficient
specificity, and because the substance of the evidence was not apparent from
the context of appellant=s request, appellant has waived any error, and
therefore, presents nothing for this Court to review.[29]  

In his second subissue, appellant argues that the
court erred in admitting certain testimony by Settegast because it was based on
inadmissible hearsay.[30]  








On cross-examination, appellant=s counsel asked Settegast if he remembered what type
of car appellant was driving.  Settegast
stated, AI believe it was an Accord.  I am looking at the [police] report and I
believe it was like a Honda Accord possibly.@  Counsel then asked Settegast whether he had
prepared the report.  Settegast stated
that he had not prepared the report and clarified that it had been prepared by
McKinney.  Counsel then asked Settegast
six additional questions before requesting permission to approach the
bench.  After counsel approached, she
raised a hearsay objection to the report. 
The court responded that she was untimely in pursuing her
objection.  Objections must be timely and
specific in order to preserve error for appellate review.[31]  Because counsel failed to raise a timely
hearsay objection, this complaint is not preserved for appellate review.[32]

Having considered appellant=s arguments in this issue, we overrule appellant=s second issue.

Improper Jury Charge

In appellant=s third issue, he contends the trial court erred by
submitting an improper  jury charge
regarding the legality of the initial stop. 








Our review of a jury charge for error is a two‑step
process.[33]  First, we must determine if there is error in
the charge.[34]  If so, we must determine whether sufficient
harm resulted from the error to require reversal.[35]  The standard of review differs depending on
whether the appellant made a timely objection at trial.[36]  If the error in the charge was the subject of
a timely objection, reversal is required if there is some harm to the defendant
as a result of the error.[37]  If no proper objection was made at trial,
reversal is required only if the error is so egregious that the defendant was
denied a fair and impartial trial.[38]  The degree of harm is determined in light of
the entire jury charge, the state of the evidence, including the contested
issues and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole.[39]


Appellant objected at trial to the submitted jury
charge and argues on appeal that the following charge should have been
submitted:

You are further instructed
that an officer is permitted, however, to make a temporary investigative
detention of a motorist if the officer has a reasonable suspicion that some
activity out of the ordinary is occurring or has occurred, that the person
detained is connected with such activity, and that there is some indication
that the activity is related to a crime or criminal offense.  

 

Now bearing in mind these
instructions, if you find from the evidence that, on the occasion in question,
Deputy Settegast did not have a reasonable suspicion to believe that the Defendant
. . . was driving recklessly immediately preceding the Defendant=s stop and detention by the officer, or if you have
a reasonable doubt thereof, you will disregard any and all evidence obtained as
a result of the Defendant=s detention by the officer and you will not consider
such evidence for any purpose whatsoever. 
Further, since you will have no further evidence to consider, you shall
return a verdict of >Not Guilty.=

 

The actual charge submitted to the jury stated, in
relevant part:

 

You are instructed that
under our law no evidence obtained or derived by an officer or other person as
a result of an unlawful stop and detention shall be admissible in evidence
against such accused.  An officer is
permitted, however, to make a temporary investigative detention of a motorist
if the officer has a reasonable suspicion that some activity out of the
ordinary is occurring or has occurred, that the person detained is connected
with such activity, and that there is some indication that the activity is
related to crime or a criminal offense. 

 








Now bearing in mind these
instructions, if you find from the evidence that on the occasion in question
the defendant . . . was not driving his vehicle in a reckless manner,
immediately proceeding [sic] his stop and detention by the police officer
involved herein, or you have a reasonable doubt thereof, then such stopping of
the accused would be illegal, and if you find the facts so to be, or if you
have a reasonable doubt thereof, you will disregard the testimony of the
officer relative to his stopping the defendant and his conclusions drawn as a
result thereof and you will not consider such evidence for any purpose
whatsoever.  Further since you will have
no further evidence to consider you shall return a verdict of not guilty.         

 

Appellant claims the charge submitted improperly
instructed the jury to consider in its determination of whether the initial
stop was illegal, additional evidence discovered after the stop.  Appellant further argues that the application
paragraph of the jury=s charge improperly asked the jury to determine
whether appellant was driving recklessly based on the totality of the evidence
adduced at trial.  We disagree.  

A defendant is entitled to a jury instruction under
article 38.23(a) of the code of criminal procedure when a fact issue exists
regarding the basis for an officer's seizure of evidence.[40]  When a fact issue is raised, regardless of
the level it rises to, the trial court is statutorily bound to submit an
instruction to the jury.[41]  








Here, the charge submitted was appropriate as the
application paragraph instructed the jury that if it believed the initial stop
for reckless driving was illegal, then it was required to disregard Settegast=s testimony and conclusions.[42]  The application paragraph further instructed
the jury that if it determined the stop was illegal, then no other evidence
would be left to consider, thereby requiring a verdict of not guilty.[43]  After reviewing the charge, we conclude the court did not err in its submission
of the charge at issue because it complied with article 38.23(a) and was not so
misleading or confusing so as to preclude the jury from determining the
defendant's guilt in light of the evidence and the law.[44]  Appellant=s
third issue is overruled.

Because we have overruled appellant=s three issues, we affirm the judgment of the trial
court.  

                                                                                                

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P.  47.2(b)

Memorandum Opinion delivered and 

filed this the 31st day of August, 2005.











[1] 
See Tex. Pen. Code Ann. ' 49.04(a) (Vernon 2003).





[2] 
See Tex. R. App. P. 25.2(a)(2).





[3] 
See Tex. R. App. P. 47.4.





[4] 
See Tex. Pen. Code Ann.
' 49.04(a) (Vernon 2003).





[5] 
See Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App.
1997).  





[6]  See Zuniga v. State, 2004 Tex. Crim.
App. LEXIS 2014, No. 539-02, at *7 (Tex. Crim. App. Apr. 21, 2004) (designated
for publication).





[7] 
See id. 





[8] 
See id.  





[9] 
See Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000).





[10] 
See Cain, 958 S.W.2d at 408. 






[11] 
See id. at 408‑09. 





[12] 
See Wheaton v. State, 129 S.W.3d 267, 271-72 (Tex. App.BCorpus Christi 2004, no pet.).  





[13] 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997).





[14] 
See Tex. Pen. Code Ann. ' 49.04(a) (Vernon 2003).





[15] 
See id. ' 49.01(2)(A).





[16] 
See Zuniga, 2004 Tex. Crim. App. LEXIS 2014, at *7; Cain,
958 S.W.2d at 407-09.





[17] 
See Zuniga,
2004 Tex. Crim. App. LEXIS 2014, at *7.





[18] 
See Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  





[19] 
See Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). 





[20] 
See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990).  





[21] 
See State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); Romero v. State,
800 S.W.2d 539, 543‑44 (Tex. Crim. App. 1990).





[22] 
See Tex. R. Evid. 103(a).  





[23] 
See Spence v. State, 758 S.W.2d 597, 599 (Tex. Crim. App.1988)
(citing Tex. R. Evid. 103).





[24] 
See id.





[25] 
See Tex. R. Evid. 103(a).





[26] 
See Spence, 758 S.W.2d at 599.





[27] 
See Tex. R. Evid. 103(a);
Tex. R. App. P. 33.1.





[28] 
See Tex. R. Evid. 103(a);
Tex. R. App. P. 33.1; Warner
v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998); Stewart v. State,
686 S.W.2d 118, 122 (Tex. Crim. App. 1984), cert. denied, 474 U.S. 866
(1985); Jenkins v. State, 948 S.W.2d 769, 775 (Tex. App.BSan Antonio 1997, pet. ref=d).





[29] 
See Tex. R. Evid. 103(a);
Tex. R. App. P. 33.1; Warner,
969 S.W.2d at 2; Stewart, 686 S.W.2d at 122; Jenkins, 948 S.W.2d
at 775.





[30] 
We note that appellant raises an additional argument: that the court
improperly failed to strike Settegast=s testimony. 
However, appellant has failed to provide citation to the record
demonstrating that counsel actually presented a timely and specific request to
the trial court to strike the complained-of testimony.  See Tex.
R. App. P. 33.1, 38.1(h). 
Appellant has also failed to provide citation to appropriate legal
authority in support of his argument regarding the court=s alleged failure to strike the
testimony.  We decline to construct
appellant=s argument for him.  See Tex.
R. App. P. 33.1, 38.1(h).





[31] 
See Tex R. App. P.
33.1.





[32] 
See id.





[33] 
See Ochoa v. State, 119 S.W.3d 825, 828‑29 (Tex. App.BSan Antonio 2003, no pet.).  





[34] 
See Tex. Code Crim. Proc.
Ann. art. 36.19 (Vernon 1981); Ochoa, 119 S.W.3d at 828.  





[35] 
See Ochoa, 119 S.W.3d at 828. 






[36] 
See Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App.
2004).  





[37] 
See Tex. Code Crim. Proc.
Ann. art. 36.19 (Vernon 1981); Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000); Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on rh=g).  





[38] 
See Ovalle, 13 S.W.3d at 786; Almanza, 686 S.W.2d at
171.  





[39] 
See Almanza, 686 S.W.2d at 171.





[40] 
See Davy v. State, 67 S.W.3d 382, 388 (Tex. App.BWaco 2001, no pet.) (citing Pierce
v. State, 32 S.W.3d 247, 251(Tex. Crim. App. 2000)).  





[41] 
See Jordan v. State, 562 S.W.2d 472, 473 (Tex. Crim. App. 1978); Reece
v. State, 878 S.W.2d 320, 324 (Tex. App.BHouston [1st Dist.] 1994, no pet.).

 





[42] 
See Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).





[43] 
See id.





[44] 
See id.; Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim.
App. 1996).