Opinion issued May 1, 2008










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00857-CR




KATHLEEN SUE KIOUS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1109086




MEMORANDUM OPINION
          Appellant, Kathleen Sue Kious, plead guilty to the felony offense of
intoxication assault and true to the two prior felony enhancement paragraphs, but not
true to the enhancement paragraph that a deadly weapon, a motor vehicle, was used
in the commission of the offense. After a pre-sentence hearing, the trial court found
the deadly weapon enhancement true and assessed punishment at 30 years’
confinement. In two points of error, appellant argues that the evidence was legally
and factually insufficient to support the trial court’s finding that she used and
exhibited a deadly weapon in the commission of the intoxication assault offense. We
affirm.
Background
          On October 25, 2005, Houston Police Department Officer Peter Clopton
watched appellant in her truck as she pulled out of a side street in front of his car and
headed toward him. She drove over two medians and continued driving on the wrong
side of the roadway. Officer Clopton slammed on his breaks to avoid an accident
with appellant and characterized appellant’s driving as “high speed and erratic.” 
Appellant’s truck stopped when she collided with a large curb. Appellant got out of
her truck, refused to stop for the officer, and was ultimately tackled to the ground. 
Officer Clopton handcuffed her and put her in the backseat of his patrol car. 
          A witness approached Officer Clopton and told him that appellant had just hit
someone with her truck, and the person she hit was “probably dead.” The witness
directed Officer Clopton to Sean Woodson who was lying on the road about 200-250
feet from where Officer Clopton first saw appellant. Woodson’s leg was broken. 
Sufficiency of Evidence
          In two points of error, appellant argues that the evidence was legally and
factually insufficient to support the trial court’s finding that she used and exhibited
a deadly weapon in the commission of the intoxication assault offense.
Standard of Review
           We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that
the trier of fact is the sole judge of the weight and credibility of the evidence. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not reevaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact-finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).
          In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the trial court’s determination, i.e., that
the verdict seems “clearly wrong and manifestly unjust,” or the proof of guilt,
although legally sufficient, is nevertheless against the great weight and preponderance
of the evidence. Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). 
A trial court is in the best position to evaluate the credibility of witnesses, and we are
required to afford “due deference” to the trial court’s determinations. Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).
Legal Sufficiency
          In her second point of error, appellant argues that the evidence is legally
insufficient to support the trial court’s finding that she used or exhibited a deadly
weapon, namely a motor vehicle, in the commission of the offense of intoxication
assault.
          Appellant’s intoxication assault indictment included the following:
It is further presented that at the time [appellant] committed the felony
offense of INTOXICATION ASSAULT on or about OCTOBER 25,
2005, as herein above alleged, [s]he used and exhibited a deadly
weapon, namely, a MOTOR VEHICLE during the commission of and
during the immediate flight therefrom.

The trial court found the deadly weapon enhancement true.
          The Texas Code of Criminal Procedure authorizes such a finding upon
sufficient evidence “that a deadly weapon as defined in section 1.07, Penal Code, was
used or exhibited during the commission of a felony offense or during immediate
flight therefrom, and that the defendant used or exhibited the deadly weapon . . . .” 
Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (Vernon 2006). Texas Penal Code
section 1.07 defines a “deadly weapon” as “anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.” Tex. Pen. Code
Ann. § 1.07(a)(17)(B) (Vernon Supp. 2007).
          To sustain a deadly weapon finding, there must be evidence that other people
were actually endangered by the defendant’s use of the vehicle and not merely of a
hypothetical potential for danger if others had been present. Mann v. State, 13
S.W.3d 89, 92 (Tex. App.—Austin 2000), aff’d, 58 S.W.3d 132 (Tex. Crim. App.
2001) (deadly weapon finding sustained when testimony showed on-coming driver
was forced to take evasive action to avoid a collision); see also Ochoa v. State, 119
S.W.3d 825, 827 (Tex. App.—San Antonio 2003, no pet.) (deadly weapon finding
sustained where testimony showed Ochoa came “real close to striking and hitting”
another car); Davis v. State, 964 S.W.2d 352, 354 (Tex. App.—Fort Worth 1998, no
pet.) (deadly weapon finding sustained where car was driven into on-coming lane and
had to take evasive action to avoid hitting an on-coming car).
          Here, Officer Clopton testified that, in his training and experience, a car can be
a deadly weapon. He testified that appellant “operated her vehicle in the manner
which was consistent with it being a deadly weapon.” Officer Clopton testified that
appellant was in his lane coming straight toward him and he had to slam on his brakes
and do an evasive maneuver to keep from colliding with her. He further testified that,
while he was in pursuit, he saw that appellant headed straight for a barbecue pit with
a group of people waiting in line to get barbecue and people working in the barbecue
pit, and that her truck stopped before reaching the group only because she collided
with a large curb. Deputy Clopton further testified that, when he first saw appellant
driving toward him, her truck was only 200-250 feet from where she had hit
Woodson. 
          Viewing the evidence in the light most favorable to the verdict, we hold that
the evidence is legally sufficient to support the trial court’s finding that appellant
used or exhibited a deadly weapon in the commission of the offense. We overrule
appellant’s second point of error.
Factual Sufficiency
          In her first point of error, appellant argues that the evidence is factually
insufficient to support the trial court’s finding that she used or exhibited a deadly
weapon, namely a motor vehicle, in the commission of intoxication assault. 
          Appellant does not dispute that she drove in a reckless and dangerous manner
after striking Woodson. Rather, she asserts there is insufficient evidence that she
drove in a reckless and dangerous manner during the offense; therefore, her car was
not a deadly weapon. Appellant caused serious bodily injury to Woodson. Officer
Clopton testified that he could see Woodson’s leg was broken in two or three places. 
Here, Officer Clopton testified that while pursuing her, she headed straight for a
barbecue pit where people were in line to get barbecue and people were working on
the barbecue pit. Thus, as in Mann, the record shows that there were other persons
who were actually endangered by the appellant’s use of her vehicle. See Mann, 13
S.W.3d at 92. Accordingly, viewing the evidence in a neutral light, there is factually
sufficient evidence to support the deadly weapon finding. The trial court’s
affirmative finding that appellant used a deadly weapon as alleged was not manifestly
unjust or clearly wrong. We overrule appellant’s first point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley

Do not publish. Tex. R. App. P. 47.2(b).