ACCEPTED
03-15-00241-CR
8205644
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/11/2015 3:32:40 PM
JEFFREY D. KYLE
CLERK

# No. 03-15-00241-CR

In the Texas Court of Appeals
Third District, at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/11/2015 3:32:40 PM
JEFFREY D. KYLE
Clerk

## Michael John James,
Appellant

v.

## The State of Texas,
Appellee

Appeal from the 427th District Court of Travis County
Cause Number D-1-DC-13-907320

## STATE'S BRIEF

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is not requested*

# Table of Contents

Index of Authorities ......................................................................... ii

Summary of the State's Argument ......................................................... 1

Standard of Review ........................................................................... 2

Argument ....................................................................................... 3

   Reply Point: Appellant has not shown ineffective assistance of
   counsel. ...................................................................................... 3

Prayer ........................................................................................... 5

Certificate of Compliance and Service .................................................. 6

i

# Index of Authorities

## Cases

*Ochoa v. State*, 119 S.W.3d 825 (Tex. App.—San Antonio 2003, no
  pet.)......................................................................................... 5

*Strickland v. Washington*, 466 U.S. 668 (1984) ................................ 2

*Woodall v. State*, No. 03-05-00850-CR, 2008 Tex. App. LEXIS 6249
  (Tex. App.—Austin 2008, pet. ref'd) ................................................ 5

In the Texas Court of Appeals
Third District, at Austin

---

**Michael John James,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 427th District Court of Travis County
Cause Number D-1-DC-13-907320

---

**STATE'S BRIEF**

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief in response to Appellant's brief.

## Summary of the State's Argument

Appellant claims that he received ineffective assistance of counsel because his attorney did not object to a police officer's testimony that he thought Appellant's vehicle was a deadly weapon. He argues that the officer was not qualified as an expert to give this opinion.

First, Appellant has not shown that trial counsel was deficient because he has not given counsel an opportunity to defend himself and he has not shown that the witness was not qualified to give this opinion.

Additionally, Appellant has not shown that the officer's opinion harmed him because the record is replete with evidence that Appellant used his motor vehicle as a deadly weapon, and the trial court focused on this evidence, not the officer's opinion, in coming to a verdict.

For these reasons, Appellant has not met his burden on his ineffective assistance of counsel claim, and the court's judgment should be affirmed.

## Standard of Review

In an ineffective assistance claim, the burden is on the appellant to show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

**Argument**

**Reply Point: Appellant has not shown ineffective assistance of counsel.**

At trial, the prosecutor asked the police officer, "Based on the story that you received from [the victim], was the car a deadly weapon?" The officer responded, "Yes." 4RR 48.

Appellant argues that his trial counsel should have objected because the officer was not qualified as an expert to give this opinion.

### 1) Appellant has not shown that counsel's performance was deficient.

First, Appellant has not shown that counsel was deficient because he has not given counsel an opportunity to defend himself.

Second, Appellant has not shown that the police officer was not qualified to give this opinion. The officer had 10 years' experience as a patrol officer, which surely qualified him to give an opinion that the vehicle was a deadly weapon in this case. 4RR 45-46. And if not, Appellant has not shown that the State could not have qualified the officer as an expert, if trial counsel had objected.

### 2) Appellant has not shown that the result of the proceeding would have been different.

The record is replete with evidence that Appellant used his vehicle as a deadly weapon. Specifically, the evidence shows that:

- Appellant was driving a full-size Dodge 1500 pickup;
- the victim was driving a little BMW;
- Appellant tailgated the victim, driving within a foot of her bumper;
- she sped up;
- he tried to hit her bumper;
- he tried to run her off the road;
- he tried to hit her car multiple times;
- she had to swerve to avoid him;
- she drove up on the curb to avoid being hit, causing damage to her car;
- she was afraid that he was going to kill her or that she was going to hurt somebody while trying to avoid him;
- he drove over a concrete median in an attempt to make a U-turn to get back to her;
- and all this happened on Braker Lane near MoPac, during lunch time, in heavy traffic.

4RR 28-40, 68-69, 80; and SX 1 (the 911 call).

In light of all of this evidence, the officer's opinion was pretty inconsequential. In fact, the record reflects that the trial court focused on the testimony about Appellant's driving, not the officer's opinion, in deciding whether the vehicle was a deadly weapon. 4RR 98-102.

Appellant argues that he was harmed because, without the officer's opinion, the evidence would be legally insufficient to prove that the vehicle was a deadly weapon. That is not the case. The evidence listed above is clearly sufficient to show that Appellant used his truck as a deadly weapon. *See Ochoa v. State*, 119 S.W.3d 825, 828 (Tex. App.—San Antonio 2003, no pet.) (finding evidence legally sufficient when defendant almost hit another vehicle); *Woodall v. State*, No. 03-05-00850-CR, 2008 Tex. App. LEXIS 6249, *9-10 (Tex. App.—Austin 2008, pet. ref'd) (mem. op., not designated for publication) (same).

In sum, Appellant has not shown that counsel was deficient or that he was harmed, so he has not met either prong of the *Strickland* test.

## Prayer

The State asks this Court to overrule Appellant's point of error and affirm the trial court's judgment.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County



**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## Certificate of Compliance and Service

I certify that this brief contains 581 words. I further certify that, on the 11th day of December, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the defendant's attorney, Leonard Martinez, 812 San Antonio, Suite 104, Austin, Texas 78701.

**Angie Creasy**

6