

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00100-CR

Edgar Javier **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-2321-CR
The Honorable William Old, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Jason Pulliam, Justice

Delivered and Filed:  August 26, 2015

AFFIRMED

A jury convicted appellant Edgar Javier Gonzales of continuous sexual abuse of a child under the age of fourteen.  The trial court sentenced Gonzales to life in prison and imposed a $10,000.00 fine.  On appeal, Gonzales contends: (1) the trial court erred in refusing his request for a lesser-included offense instruction; (2) the trial court erred in failing to instruct the jury that it could only consider acts that occurred on or after the effective date of the continuous sexual abuse of a child statute, i.e., September 1, 2007, and further erred by denying his motion for new trial based on this error; and (3) section 21.02 of the Texas Penal Code — the continuous sexual abuse

of a child statute — is unconstitutional because it permits the jury to convict without agreeing upon the specific acts committed by the defendant. We affirm the trial court's judgment.

## BACKGROUND

In 2009, approximately five years after Gonzales married her mother, ten-year-old L.W.[1] told her Sunday school teacher that Gonzales, her stepfather, had touched her vagina several times and put his private parts in her mouth. L.W. repeated her allegations to a sexual assault nurse examiner (SANE). When she spoke to the SANE, L.W. added that Gonzales had been touching her inappropriately since she was in the first grade, and she told an interviewer with the Child Advocacy Center that it began when she was in kindergarten — she subsequently denied telling the CAC interviewer that the inappropriate touching began in kindergarten. There were other inconsistencies in L.W.'s statements. At trial, L.W. testified about several sexual acts Gonzales performed upon her when she was ten-years-old. According to L.W., the acts occurred in the family home and adjoining garage. L.W. also testified appellant touched her private parts "like once a week" from 2007 to 2009.

Gonzales testified on his own behalf and denied ever being alone with L.W., much less touching her inappropriately. He also presented the testimony of a family therapist who saw L.W. and other family members from December 2008 to April 2009. The therapist stated L.W. never made a claim of sexual abuse during family therapy.

Ultimately, the jury found Gonzales guilty of continuous sexual abuse of a child under the age of fourteen. The trial court sentenced Gonzales to life in prison and imposed a $10,000.00 fine. Gonzales filed a motion for new trial, which was denied by written order. Thereafter, he perfected this appeal.

---

[1] L.W. was ten-years-old when she made her initial outcry. At the time of trial, she was fifteen-years-old.

## ANALYSIS

As set out above, Gonzales raises three issues on appeal — two issues relating to alleged charge error, and one issue relating to the alleged unconstitutionality of section 21.02 of the Texas Penal Code, which is the provision of the Penal Code Gonzales was alleged to have violated. We address each issue in turn.

### *Lesser-Included Offense Instruction*

In his first issue, Gonzales contends the trial court erroneously denied his request for a lesser-included offense instruction. Gonzales requested the trial court instruct the jury it could find Gonzales guilty of the offense of aggravated sexual assault of a child. Gonzales claims, based on the evidence, the jury could have found that only one prohibited act occurred or that two or more acts occurred within the same thirty-day period. We disagree.

### *Framework for Review*

Whether a defendant is entitled to a lesser-included offense instruction requires a two-step analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)); *Zapata v. State*, 449 S.W.3d 220, 224 (Tex. App.—San Antonio 2014, no pet.). First, we must determine whether the lesser-included offense is included in the proof necessary to establish the charged offense. *Goad*, 354 S.W.3d at 446; *Zapata*, 449 S.W.3d at 224. To make this determination, a court must compare the elements alleged in the indictment with the elements of the potential lesser offense. *Zapata*, 449 S.W.3d at 224 (citing *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012)). As stated in the Texas Code of Criminal Procedure, an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the charged offense. TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). In other words, an offense is a lesser-included

offense of another offense if the indictment for the greater offense alleges all of the elements of the lesser offense. *Zapata*, 449 S.W.3d at 224 (citing *Cavazos*, 382 S.W.3d at 382).

*Application*

Here, the indictment tracked section 21.02(b) of the Texas Penal Code, alleging Gonzales, "during a period that was more than 30 days in duration to-wit: on or about the 1st day of November, 2007, through the 16th day of November 2009 . . . did then and there commit two or more acts of sexual abuse against . . . a child younger than 14 years of age, and the defendant was 17 years of age or older. . . ." *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014). Subsection (c) of section 21.02 specifically states that an "act of sexual abuse" includes aggravated sexual assault under section 22.021 of the Penal Code. *See id.* § 22.021. Thus, aggravated sexual assault of a child — an offense listed under subsection (c) — is always a lesser-included offense of an offense alleged under subsection (b). *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011); *Price v. State*, 413 S.W.3d 158, 162 (Tex. App.—Beaumont 2013), *aff'd*, 434 S.W.3d 601 (Tex. Crim. App. 2014). As the court recognized in *Price*, "it appears the Legislature did not intend to allow a defendant convicted of continuous sexual abuse to also be convicted for the aggravated sexual assault of the same child if the aggravated sexual assault at issue and the continuous sexual abuse both occurred within the same time periods." 413 S.W.3d at 162 (citing TEX. PENAL CODE ANN. § 21.02(c)(4)). Accordingly, we hold the first step of the test is satisfied. We now must decide whether the evidence supports the requested lesser-included offense instruction.

The evidence supports an instruction on a lesser-included offense if there is some evidence from which a rational jury could conclude the defendant was guilty *only* of the lesser offense. *See Goad*, 354 S.W.3d at 446; *Zapata*, 449 S.W.3d at 224. Thus, in this case, we must determine if

there is some evidence from which the jury could have concluded that Gonzales was guilty only of aggravated sexual assault of a child.  *See Goad*, 354 S.W.3d at 446; *Zapata*, 449 S.W.3d at 224.

"[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted."  *Goad*, 354 S.W.3d at 446 (quoting *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003)).  We must consider all of the evidence admitted at trial, not just that presented by the defendant.  *Id.* The evidence must establish the lesser-included offense is a valid, rational alternative to the charged offense.  *Id.*; *Zapata*, 449 S.W.3d at 225.  In other words, there must be some evidence that would permit the jury to rationally acquit the defendant of the greater offense and still convict him of the lesser offense.  *Sorto v. State*, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005).  Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.  *Goad*, 354 S.W.3d at 446.  However, we are not permitted to consider the credibility of the evidence and whether it conflicts with other evidence or is controverted.  *Id.* at 446–47.

Gonzales contends the evidence supports his requested lesser-included offense instruction because "the jury could have decided that the only acts of sexual abuse occurred in April 2009, shortly before the child's outcry, and disbelieved the child's other testimony that other acts occurred at earlier points in time, thus negating the '30 days' or more duration element required" for the offense, or "the jury could have believed that only one act occurred, negating the 'two or more' acts element" of the offense."  We disagree.

Gonzales's argument is contingent upon L.W.'s credibility and certain conflicts in her testimony.  However, as noted above, the court is not permitted to consider the *credibility* of the evidence and whether it *conflicts* with other evidence or is controverted.  *Id.*  The evidence shows that at age ten, L.W. told a Sunday school teacher and a SANE that Gonzales sexually abused her on several occasions.  When she spoke to the SANE, L.W. specifically stated Gonzales had been

sexually abusing her since she was in the first grade — a period of several years. L.W. specifically testified appellant sexually abused her approximately once a week from 2007 to 2009. Gonzales, on the other hand completely denied he was ever alone with L.W., thereby ruling out any chance he sexually assaulted her. Thus, there is no evidence in the record — not even a scintilla — that is directly germane to the lesser-included offense so as to warrant the requested instruction. *Id.* at 446. In other words, there is no evidence that would permit the jury to rationally acquit Gonzales of the greater offense and still convict him of the lesser. *See Sorto*, 173 S.W.3d at 476. The lesser-included offense was not a valid, rational alternative to the charged offense. *See id.* Accordingly, we conclude that the trial court did not err in denying Gonzales's requested lesser-included offense instruction and overrule his first issue.

### *Limiting Instruction — Date of Offense*

In his second and third issues, Gonzales contends that because the jury charge advised jurors that the State was not required to prove the offense was committed on the dates alleged in the indictment, but had to prove only that it was committed prior to the time the indictment was presented, the trial court erred in failing to provide an additional instruction that in order to convict him of the charged offense, it could only consider acts that occurred on or after September 1, 2007, the effective date of the continuous sexual abuse of a child statute. Thus, the error asserted by Gonzales is not based on what the charge said, but what it failed to say. Gonzales claims the alleged failure to provide the instruction resulted in egregious harm because L.W. testified that some prohibited acts occurred prior to the effective date of the statute, thereby allowing the jury to convict him based on acts occurring before the effective date.

### *Standard of Review*

When reviewing alleged jury charge error, we must first determine if there was error, and then, if we decide there was error, we must determine whether the error caused sufficient harm to

warrant a reversal.  *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Ochoa v. State*, 119 S.W.3d 825, 828 (Tex. App.—San Antonio 2003, no pet.).  The amount of harm necessary to warrant a reversal depends on whether the appellant objected to the jury charge.  *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)); *Ngo*, 175 S.W.3d at 743; *Ochoa*, 119 S.W.3d at 828.  If the appellant objected to the complained portion of the charge, then the record need only show he suffered some harm as a result of the error to obtain a reversal.  *Reeves*, 420 S.W.3d at 816; *Ngo*, 175 S.W.3d at 743; *Ochoa*, 119 S.W.3d at 828.  On the other hand, if the appellant failed to object to the complained of portion of the charge, as in this case, he must show he suffered egregious harm to be entitled to a reversal.  *See Reeves*, 420 S.W.3d at 816; *Ngo*, 175 S.W.3d at 743; *Ochoa*, 119 S.W.3d at 828.

*Application*

A person commits the offense of continuous sexual abuse of a child under the age of fourteen if, during a time period of thirty or more days, that person commits two or more acts of sexual abuse against a child.  TEX. PENAL CODE ANN. § 21.02(b)(1).  This provision in the Penal Code became effective September 1, 2007, and does not apply to an offense committed before that date.  Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148; *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd).  An offense is committed before the effective date of the statute if any element of the offense occurs before that date.  *Id*.  A jury charge is erroneous if it presents the jury with a much broader chronological perimeter than is permitted by law.  *Taylor v. State*, 332 S.W.3d 483, 488 (Tex. Crim. App. 2011).

Here, based on the indictment, the State had to prove the offense was committed between November 1, 2007, and November 16, 2009.  Gonzales points out that the paragraph set out below, which was included in the jury charge, instructed the jury that it could consider acts that occurred

before September 1, 2007, and therefore, the trial court should have included an additional instruction advising the jury that it could only consider acts committed on or after September 1, 2007. We agree, as does the State.

**Dates Alleged in the Indictment**

> The State is not bound by the specific date in the indictment that the offense is alleged to have been committed. A conviction may be had upon proof that the offense, if any, was committed at any time prior to the filing of the indictment that is within the period of limitations. The indictment in the instant case was filed November the 5th, 2010. There is no statute of limitations for the offense of continuous sexual abuse. Therefore, proof of the offense, if any, occurred prior to the filing of the indictment on November 5th, 2010, is sufficient.

This provision is similar to those that appear in most jury charges. It is based on longstanding law that generally, the State is not required to prove the exact dates alleged in the indictment, but need only prove the offense occurred within the period covered by the applicable statute of limitations. *See*, *e.g.*, *Klein v. State*, 273 S.W.3d 297, 304 n.5 (Tex. Crim. App. 2008); *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000); *Garcia v. State*, 981 S.W.2d 683, 685–86 (Tex. Crim. App. 1998). Thus, in this case, the State was not required to prove Gonzales began sexually abusing L.W. on November 1, 2007, and ceased such actions on November 16, 2007. However, because time is a material element of continuous sexual abuse of a child — two or more acts during a period of thirty days or more — the State had to prove beyond a reasonable doubt the requisite thirty day or more period. *See Garcia*, 981 S.W.2d at 685–86. Moreover, given the effective date of the statute, that thirty day or more period was limited to periods after the effective date of the statute, i.e., September 1, 2007. *See Taylor*, 332 S.W.3d at 488. Despite this, the trial court effectively instructed the jury that it could convict Gonzales upon proof that he committed two or more of the prohibited acts of sexual abuse within a thirty day or more time period *before*

September 1, 2007 — as long as the acts were committed before the indictment was filed on November 5, 2010.

Admittedly, the application paragraph instructed the jury that it could not find Gonzales guilty unless it found beyond a reasonable doubt that he:

> . . . during a period that was more than 30 days in duration to-wit: *on or about the first day of November 2007, through the 16th day November 2009 and before the presentment of the indictment* . . . did then and there commit two or more acts of sexual abuse against [L.W.], a child younger than 14 years of age, and the Defendant was 17 years of age or older . . .

(emphasis added). However, this portion of the charge does not instruct the jury that it cannot consider acts before September 1, 2007, but merely advises the jury as to when the acts were allegedly committed. L.W., however, testified that certain acts took place outside this time period. Moreover, as recognized by the court in *Martin v. State*, we must assume the jurors read the charge as a whole, taking the general instruction into account when reading the application portion, *see Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996), and thereby concluded a conviction was authorized upon proof that Gonzales committed two or more of the prohibited acts of sexual abuse within a thirty day or more time period *before* or after September 1, 2007 — as long they were committed before the indictment was filed on November 5, 2010. *See* 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd), *cert. denied*, 133 S.Ct. 645 (2012).

In *Martin*, the defendant, like Gonzales, was charged with continuous sexual abuse of a child. *Id.* at 871. The jury charge contained a general instruction regarding conviction based on acts committed before the date of the indictment — an instruction similar to the one in this case. *Id.* at 873. And, just as in this case, the application paragraph instructed the jury it could not convict unless it found the offenses were committed between dates occurring during a time period after September 1, 2007. *Id.* at 874. The *Martin* court held, despite the application paragraph, there was nothing in the court's charge that limited the instruction regarding the nonbinding nature

of the dates alleged to specifically require the jurors to find that the period of continuous sexual abuse began on or after September 1, 2007, or that otherwise directed the jurors not to convict based on a finding of sexually abusive conduct prior to September 1, 2007. *Id.* at 874–75. According to the court, without an instruction advising the jurors that they could not consider conduct prior to the enactment of the statute on September 1, 2007, the jury was presented with a much broader chronological perimeter than permitted by the law, allowing the defendant to be convicted of an ex post facto law in violation of the state and federal constitutions by punishing him for conduct that was innocent when committed. *Id.* at 876 (citing *Collins v. Youngblood*, 497 U.S. 37, 42–44 (1990); *Rodriguez v. State*, 93 S.W.3d 60, 65 (Tex. Crim. App. 2002)).

Following *Martin*, courts of appeals have uniformly held that even when the application paragraph limits conviction to a proper time period, the charge is erroneous unless the instruction on the nonbinding nature of the dates alleged in the indictment is somehow specifically limited to require jurors to convict based only on acts of sexual abuse that took place on or after September 1, 2007. *See*, *e.g.*, *Whitington v. State*, No. 08-13-00102-CR, 2015 WL 3653326, at * (Tex. App.—El Paso Apr. 24, 2015, no pet.) (not designated for publication); *Gomez v. State*, 459 S.W.3d 651, 660 (Tex. App.—Tyler 2015, pet. ref'd); *Flores v. State*, No. 13-12-00606-CR, 2014 WL 1514129, at *5 (Tex. App.—Corpus Christi Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication); *Oliver v. State*, No. 10-12-00389-CR, 2014 WL 1016244, at *7–*8 (Tex. App.—Waco Mar. 13, 2014, no pet.) (mem. op., not designated for publication); *Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd); *cf. Struckman v. State*, No. 10-10-00427-CR, 2011 WL 4712236, *2 (Tex. App.—Waco Oct. 5, 2011, no pet.) (mem. op., not designated for publication) (distinguishing *Martin* because trial court included instruction advising jury that State elected to proceed only on events occurring after September 1, 2007, thereby limiting the chronological perimeter). This case is no different than *Martin* or the other appellate court cases

in which the charge was found to be erroneous. Here, the trial court failed to limit the general instruction on the nonbinding nature of the dates in the indictment with some kind of specific instruction that the jury could only convict Gonzales based on acts that occurred on or after September 1, 2007. Without a specific limiting instruction advising the jurors they could not consider acts that occurred prior to the effective date of the statute — something other than the application paragraph — they had no idea they were limited to acts after September 1, 2007. Thus, the jury could have convicted Gonzales based on an ex post facto basis, which is constitutionally prohibited. *See Martin*, 335 S.W.3d at 876. Accordingly, we hold the trial court erred in failing to instruct the jury that it could not consider acts of sexual abuse occurring before September 1, 2007, the effective date of the statute.

As noted above, however, Gonzales did not object to the trial court's failure to include a limiting instruction. Accordingly, we may only reverse if Gonzales suffered egregious harm. We hold that he did not.

Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Villarreal*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *see also Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). Egregious harm is a "high and difficult standard" to meet, and such a determination must be "borne out by the trial record." *Villarreal*, 453 S.W.3d at 433 (citing *Reeves*, 420 S.W.3d at 816). We will not reverse a conviction unless the defendant has suffered "actual rather than theoretical harm." *Id.* (citing *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)).

In examining the record to determine whether charge error has resulted in egregious harm to a defendant, we consider: (1) the entirety of the jury charge; (2) the state of the evidence; including the contested issues and weight of probative evidence; (3) the arguments of counsel; and (4) any other relevant information revealed by the trial record as a whole. *Id.*

- 11 -

We hold that the entirety of the jury charge mitigates against a finding of egregious harm. First, the charge properly instructed the jury that Gonzales had been charged in the indictment with continuous sexual abuse of a child "alleged to have been committed on or about the 1st day of November 2007 through the 16th day of November 2009[.]" Second, the erroneous portion of the charge was followed almost immediately by the application paragraph that correctly instructed the jury that to convict Gonzales, it had to find beyond a reasonable doubt that he, "on or about the 1st day of November, 2007, through the 16th day of November, 2009," committed two or more acts of sexual abuse. Courts in this state have repeatedly held, in other contexts, that where the application paragraph of the charge correctly instructs the jury on the law applicable to the case, this mitigates against a finding that any error in the abstract portion of the charge was egregious. *Kuhn*, 393 S.W.3d at 529 (citing *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *Patrick v. State*, 906 S.W.2d 481, 492–93 (Tex. Crim. App. 1995); *Hughes v. State*, 897 S.W.2d 285, 296–97 (Tex. Crim. App. 1994); *Toler v. State*, 546 S.W.2d 290, 293–94 (Tex. Crim. App. 1977); *Bazanes v. State*, 310 S.W.3d 32, 39 (Tex. App.—Fort Worth 2010, pet. ref'd); *Williams v. State*, 226 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

The state of the evidence also weighs against a finding of egregious harm. Gonzales points to evidence presented at trial of acts occurring before September 1, 2007. Specifically, he points to testimony that L.W. told an interviewer with the Child Advocacy Center the sexual abuse began when she was in kindergarten — a time period before September 1, 2007. However, L.W. subsequently denied telling the interviewer that the inappropriate touching began in kindergarten. Moreover, L.W. testified about several sexual acts Gonzales performed upon her when she was ten-years-old, which was in 2009. L.W. also testified appellant touched her private parts "like once a week" from 2007 to 2009. This evidence was more than sufficient to convict Gonzales based on acts of sexual abuse occurring between November 1, 2007, and November 16, 2009,

2010. Thus, the jury could have lawfully convicted Gonzales for continuous sexual abuse of a child under the age of fourteen even if it had been properly instructed not to base a conviction on Gonzales's conduct prior to September 1, 2007.

Finally, in closing argument, neither the State nor Gonzales mentioned or relied on the instruction regarding the nonbinding nature of the dates alleged in the indictment, nor did they address or rely on any testimony or evidence of any acts occurring before September 1, 2007. In fact, the State specifically advised the jury that "for the purposes of this indictment, for the continuous sexual abuse of a child statute, we have to find that it was a period beginning November of 2007 and continuing until her outcry." The outcry was in April of 2009. The State went on to advise the jury that the relevant times are reflected in the indictment: "The times in the indictment are November 1st 2007 through November 16th, I believe, 2009 . . . [s]o everything [L.W.] testified to that happened after November 1st, 2007, up to April, is fair game." Gonzales's counsel did not mention any dates at all — other than to point out that at certain times L.W. told people the sexual abuse stopped when she was eight, nine, or ten, but then told the SANE it was March of 2009. Rather, his closing argument focused on a lack of opportunity for abuse, an absence of evidence — physical and otherwise, and the victim's inconsistent statements, asking the jury: "This is the crux of the matter. Which story are you going to believe that [L.W.] told y'all [sic]?" There was nothing in the argument of counsel that focused the jury on supporting conviction based on conduct occurring before September 1, 2007.

Considering the entirety of the jury charge, the state of the evidence, the arguments of counsel; and other relevant information in the record, we cannot conclude the charge error in this case amounted to egregious harm entitling Gonzales to a reversal and a new trial. *See Villarreal*, 453 S.W.3d at 433. We therefore overrule Gonzales's second and third issues.

*Constitutionality of Section 21.02 of the Texas Penal Code*

Finally, Gonzales contends section 21.02 of the Texas Penal Code is unconstitutional on its face in that it permits a jury to convict a defendant on a less than unanimous verdict. Specifically, he contends it permits the jury to convict a defendant without unanimously agreeing upon exactly which two acts of sexual abuse were committed within the thirty day or more period. Gonzales further contends the statute is contrary to statutory requirements of unanimous verdicts.

*Standard of Review*

We review a facial challenge to the constitutionality of a criminal statute de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013); *Byrne v. State*, 358 S.W.3d 745, 748 (Tex. App.—San Antonio 2011, no pet.). We begin any review with the presumption that the statute is constitutional and "the Legislature has not acted unreasonably or arbitrarily." *Lo*, 424 S.W.3d at 15; *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). Generally, it is the burden of the individual challenging the statute to rebut the presumption of constitutionality.[2] *Lo*, 424 S.W.3d at 15; *Rosseau*, 396 S.W.3d at 557; *Byrne*, 358 S.W.3d at 748.

As set out above, to convict a defendant for continuous sexual abuse of a child under the age of fourteen, a jury must find beyond a reasonable doubt that: (1) the defendant committed "two or more acts of sexual abuse" during a period of thirty or more days; and (2) at the time of each act of sexual abuse, the defendant was "17 years of age or older and the victim is a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b)(1), (2). However, the statute specifically states jurors need not unanimously agree on which specific acts of sexual abuse the defendant committed or the exact dates those acts were committed. *Id*. § 21.02(d). Rather, the jury need only unanimously agree "that the defendant, during a period that is 30 or more days in duration,

---

[2] When the State seeks to restrict and punish speech based on content, the presumption is reversed and courts presume the statute is unconstitutional and the State must rebut that presumption. *Lo*, 424 S.W.3d at 15.

committed two or more acts of sexual abuse." *Id.* Gonzales takes issue with this, arguing the failure to require unanimity on specific acts and dates is unconstitutional and statutorily impermissible.

However, as Gonzales recognizes, numerous Texas appellate courts, including this court, have addressed this issue and in each instance held section 21.02 constitutional and statutorily sound. *See, e.g., Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no pet.); *Fulmer v. State*, 401 S.W.3d 305, 313 (Tex. App.—San Antonio 2013, pet. ref'd), *cert. denied*, 134 S. Ct. 436 (2013); *Kennedy v. State*, 385 S.W.3d 729, 732 (Tex. App.—Amarillo 2012, pet. ref'd), *cert. denied*, 134 S.Ct. 681 (2013); *Casey v. State*, 349 S.W.3d 825, 829-30 (Tex. App.—El Paso 2011, pet. ref'd); *Martin*, 335 S.W.3d at 872; *Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex. App.—Austin 2010, no pet.); *Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd). The courts reasoned:

> [I]t is the commission of two or more acts of sexual abuse over the specified time period—that is, the pattern of behavior or the series of acts—that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict. The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed. When there is evidence of more than two acts of abuse over the specified time period, section 21.02(d) makes it clear that the jurors need not agree as to which individual acts were committed so long as they agree that the defendant committed at least two.

*Fulmer*, 401 S.W.3d at 311–12 (quoting *Jacobsen*, 325 S.W.3d at 737); *accord Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73; *Render*, 316 S.W.3d at 857–58. Texas intermediate courts have routinely held that the individual acts of sexual abuse are manner and means, not an element of the offense, and section 21.02 does not violate the jury unanimity requirement. *See Fulmer*,

401 S.W.3d at 313; *Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73; *Jacobsen*, 325 S.W.3d at 737; *Render*, 316 S.W.3d at 857–58.

We have reviewed Gonzales's arguments and despite his claims to the contrary, we find that each has been rejected either by this court or one of our sister courts — he has presented nothing new with regard to his claim that section 21.02 is unconstitutional. Accordingly, we abide by our prior decision in *Fulmer*, as well as the similar decisions from our sister courts. We therefore overrule Gonzales's fourth and final issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish